**Pedro C. RUIZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47250.**

Court of Criminal Appeals of Texas.

Sept. 19, 1973.

Rehearing Denied Oct. 17, 1973.

Frank M. Teveni and Raul Villarreal, San Antonio (Court appointed), for appellant.

Ted Butler, Dist. Atty., Lucien Campbell, Carolyn Spears, Michael P. Hodge, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

Appellant was convicted of murder with malice. His punishment was assessed at twenty-five years.

The record discloses that the indictment charging appellant with the murder of deceased *on or about April 5, 1971* was returned into court on July 28, 1971. The case was tried on a plea of guilty before the court without a jury on October 9, 1971. The State's evidence, including stipulations and a properly executed judicial confession, was amply sufficient to support

the conviction. Adam v. State, Tex.Cr. App., 490 S.W.2d 189.

 Appellant, in two grounds of error, complains of the fact that the date of the offense as set out in the judgment is contrary to the date alleged in the indictment and proved in the stipulated evidence, and that the court, in the course of his admonishments in regard to the plea of guilty, incorrectly stated the date of the occurrence of the crime.

As a part of his admonishments to appellant prior to accepting the guilty plea, the court stated:

"And are you pleading guilty to murder with malice aforethought because you did, in fact, shoot the deceased in Bexar County, Texas, on June 23, 1971, with a pistol, as charged in the indictment?

"The Defendant: Yes, sir."

All of the evidence, including the judicial confession of appellant, fixed the date of the offense as April 5, 1971, the date alleged in the indictment. Clearly, the trial court was in error in his statement that the offense occurred on June 23, 1971. However, he added "as charged in the indictment," which correctly alleged the date. It was not necessary for the court to admonish the appellant as to the date of the commission of the offense, and such act of the court was surplusage. Art. 26.13, Vernon's Ann.C.C.P. As shown by the record, no harm to the appellant resulted from this error, as the judicial confession executed by the appellant and the other evidence clearly demonstrated.

 It is not a requirement of the judgment that it specify the date on which the offense occurred. Art. 42.01, V.A.C. C.P.; Glenn v. State, Tex.Cr.App., 436 S. W.2d 344.[1] A special finding in the judg-

ment as to a wrong date of the commission of the charged offense does not affect the validity of the judgment so long as the named date does not reflect that the trial for the offense was barred by limitation. *Glenn*, supra. We note that the specified date, June 23, 1971, was anterior to the date the indictment was returned into court by the grand jury on July 28, 1971.

Under the circumstances presented, we fail to perceive reversible error. The grounds of error are overruled.

However, in view of the obvious error in the judgment stating the date of the offense as June 23, 1971, the judgment is reformed to the extent that the date of April 5, 1971, is inserted therein as the date of the commission of the offense.

As reformed, the judgment is affirmed.

Opinion approved by the Court.

---

1. However, we commend the practice of including a finding of the true date of the commission of the offense, as proved by the evidence, in the judgment. This would constitute a judicial finding, and would be sufficient evidence of such date in any subsequent trial of accused wherein Art. 62 or Art. 63, Vernon's Ann.P.C., is sought to be applied. Espinosa v. State, Tex.Cr.App., 463 S.W.2d 8; Loud v. State, Tex.Cr.App., 499 S.W.2d 295 (1973).