Marvin Earl GREEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 52253.

Court of Criminal Appeals of Texas.

Oct. 27, 1976.

---

1. See *Carter v. State*, 12 Tex. 500; *Colbath v. State*, 4 Tex.App. 76 (1878); Annot., 30 A.L.R. 761.

2. Now V.T.C.A. Penal Code, Sec. 8.04.

William C. Denton, Houston, on appeal only, for appellant.

Carol S. Vance, Dist. Atty., Phyllis M. Bell and Ira Jones, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

CORNELIUS, Commissioner.

This is an appeal from a conviction for burglary of a building. The jury found the paragraphs of the indictment charging that appellant had previously been convicted of two felony offenses[1] to be true, and punishment was set at confinement for life. The sufficiency of the evidence to support the conviction is not challenged.

■ Appellant first complains of the action of the court in allowing the complaining witness to testify that someone had entered his building the night before the offense in question by knocking a hole in the wall. After that entry, the hole had been boarded up. The subsequent entry was made by removing the boards and entering the same hole. There was no evidence tending to connect appellant with the prior entry. It is contended that testimony about the prior entry constituted improper evidence of an extraneous offense under the ruling of *Carmean v. State,* 163 Tex. Cr.R. 218, 290 S.W.2d 240. We note, however, that considerably prior to the testimony of which appellant complains the very same evidence had been given in full detail by the complaining witness on direct examination by state's counsel, and appellant made no objection. Where testimony has previously been admitted without objection, the admission of the same testimony at a later date does not constitute reversible error. *Lewis v. State,* 438 S.W.2d 816 (Tex. Cr.App.1969); *Rivera v. State,* 437 S.W.2d 855 (Tex.Cr.App.1969); *East v. State,* 420 S.W.2d 414 (Tex.Cr.App.1967).

■ It is next contended that the evidence is insufficient to support the jury's finding that appellant had been convicted of two previous felony offenses as required by the provisions of V.T.C.A. Penal Code Sec. 12.42(d). The basis of this contention is that the state's proof of the date of the second offense consisted only of a recital of that date in a copy of the judgment of conviction which was introduced in evidence. As this court has held that such a recital in a judgment is surplusage and that it does not invalidate the judgment if it is inaccurate,[2] appellant asserts that such a recital should not constitute sufficient proof of the date of the offense for the purposes of enhancement. We cannot accept this proposition. It is well settled that a recital in the judgment of conviction specifying the date of the offense constitutes sufficient evidence of that date for the purposes of Section 12.42. *Loud v. State,* 499 S.W.2d 295 (Tex.Cr.App.1973); *Espinosa v. State,* 463 S.W.2d 8 (Tex.Cr.App.1971); *Von Burleson v. State,* 505 S.W.2d 553 (Tex.Cr. App.1974). The fact that the recital is not essential to the judgment does not destroy the recital's competency as evidence. In fact, the case of *Ruiz v. State,* 499 S.W.2d 299 (Tex.Cr.App.1973), which held such a recital to be surplusage as to the judgment, nevertheless reaffirmed the propriety of the use of such recitals to show the date of the offense for enhancement purposes.

We find no reversible error. The judgment of the trial court is affirmed.

Opinion approved by the Court.

---

1. V.T.C.A. Penal Code Sec. 12.42(d).

2. See *Glenn v. State,* 436 S.W.2d 344 (Tex.Cr. App.1969).