**London GRIFFITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0402–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 25, 1982.

Will Gray, Houston, for appellant.

Thomas L. Royce, Jr., Asst. Dist. Atty., Houston, for appellee.

Before EVANS, C. J., and STILLEY and DOYLE, JJ.

DOYLE, Justice.

The appellant was charged with aggravated rape and aggravated kidnapping. The indictment was enhanced by a prior attempted rape conviction. The State abandoned the aggravated kidnapping count and proceeded to trial before a jury, which found the appellant guilty. The court assessed his punishment at twenty five years.

On this appeal, the appellant alleges three grounds of error, the first of which challenges the sufficiency of the evidence to show that the rape was aggravated.

The State adduced the following evidence concerning the rape. The prosecutrix was eleven years old. Returning home from a store after purchasing some writing materials, she stopped at a closed filling station to get a drink of water. She was accosted by the appellant, who drove up to the filling station in a blue car. She refused to come to the appellant at his request, and dropped her packages and screamed when the appellant put his hands around her neck. This scene was witnessed by two other people passing the station, as well as the service station operator. As the prosecutrix screamed for help, the appellant told her she "... better not holler or he would kill her." The appellant then dragged her down a path behind the station to some barrels, laid her on a barrel and took her shorts off. The prosecutrix testified that she was "scared". The appellant then placed his penis into her vagina, "hurting her".

■ It is well settled that the proof of record must be viewed in the light most favorable to the jury's verdict. The real issue is whether reasonable jurors were justified in inferring from the facts that the victim submitted to the rape out of a reasonable fear for her life or physical integrity. To answer this inquiry, the appellant's conduct must be viewed as a whole, that is considering all the facts and circumstances of the criminal episode. *Hanner v. State*, 572 S.W.2d 702 (Tex.Cr.App.1978). Additionally, in the case at bar there is an explicit statutory command at § 21.02(b)(1) and (2), V.A.P.C., that requires that the reasonableness of the victim's submission be viewed in light of the circumstances. There is ample evidence to support the jury's verdict. In *Bright v. State*, 585 S.W.2d 739 (Tex.Cr.App.1979), where there was a similar verbal threat of death prior to the rape, the court held the evidence to be sufficient to support a conviction for aggravated rape.

The appellant relies on the case of *Rucker v. State*, 599 S.W.2d 581 (Tex.Cr.App.1979) to support his contention that his verbal threat of death did not compel the prosecutrix to submit to the rape. Our facts are entirely different. In *Rucker* there was no verbal threat of death at any time. In our case the verbal threat of death was made immediately prior to the rape. Ground of error one is overruled.

■ Ground of error two asserts that the trial court erred in denying the appellant's motion for a mistrial because of the prejudicial remarks made by a State's witness. Witness Arthur Spears testified as follows:

Q. All right, and what did you find behind the filling station?

A. I seen a man raping a little girl. The appellant objected and asked for a mistrial. The court promptly sustained the objection and denied the request for a mistrial.

Testimony continued with the following exchange:

Q. Did you see the man and the little girl still at the barrels?

A. No.

Q. Did you see the man and the little girl still at the barrels?

A. Yes, sir.

Q. Were they in essentially the same position?

A. Yes sir.

Q. What did you do?

A. Well, I just stopped and the other man hollered and called him and he just walked around the barrels.

Q. The other man walked around—the vegetable man walked around the barrels?

A. No, the man that raped the girl walked around the barrels.

The appellant again objected and moved for a mistrial. The court again promptly sustained his objection and denied his request for mistrial. The witness's answer was not solicited by the prosecutor and was obviously a spontaneous response to a question, and a perfectly natural description of what he had seen, since he was a witness to the rape act. Considered in the context of his full testimony, the witness's remarks were not overly prejudicial, and any harm was cured by the court's prompt instruction for the jury to disregard the answers in each instance. *Williams v. State*, 604 S.W.2d 146 (Tex.Cr.App.1980); *Seaton v. State*, 564 S.W.2d 721 (Tex.Cr.App.1978). Ground of error two is overruled.

In ground of error three the appellant alleges that the trial court erred in receiving oral stipulations which were not consented to by appellant. Copies of the medical report issued by Harris County Hospital District regarding the condition of the complaining witness and of a car rental agreement executed by appellant were both admitted by oral stipulations. There was no objection made to their admission. Although appellant did not personally join in the stipulations, they were entered into between his counsel and counsel for the State and he is bound thereby. *Matthews v. State*, 414 S.W.2d 938 (Tex.Cr.App.1967), *Genzel v. State*, 415 S.W.2d 919 (Tex.Cr.App.1967). Without objection, nothing is preserved for review. *Cooper v. State*, 500 S.W.2d 837 (Tex.Cr.App.1973). The appellant's third ground of error is overruled.

The judgment of the trial court is affirmed.