Henry Pina RIVERA, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–82–194–CR(T).

Court of Appeals of Texas, Austin.

June 8, 1983.

**120**

Charles D. Craig, Austin, for appellant.

Ronald Earle, Dist. Atty., Austin, for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

EARL W. SMITH, Justice.

In a jury trial, appellant was convicted of the offense of rape. Tex.Pen.Code Ann. § 21.02 (1974 and Supp.1982). Punishment was assessed by the jury at confinement in the Texas Department of Corrections for eight years.

Appellant contends that the trial court erred in failing to properly charge the jury as to the elements of rape, and in including in the judgment the date that the offense occurred. We will overrule appellant's grounds of error and affirm the judgment of conviction.

■ Appellant argues that the trial court erred in failing to instruct the jury that the law requires a culpable mental state. We disagree. Texas Pen.Code Ann. § 21.02(a) (1974) provides:

(a) A person commits an offense if he has sexual intercourse with a female not his wife without the female's consent.

Although § 21.02 does not prescribe a culpable mental state, Tex.Pen.Code Ann. § 6.02 (1974) nevertheless requires that the State allege and prove that the accused intentionally or knowingly committed the act. *Ford v. State,* 615 S.W.2d 727, 728 (Tex.Cr.App.1981); *Zachery v. State,* 552 S.W.2d 136, 137 (Tex.Cr.App.1977); *Braxton v. State,* 528 S.W.2d 844, 846 (Tex.Cr. App.1975). Omission of the culpable mental state in that part of the charge applying the law to the facts is fundamental error. *Ford v. State, supra.*

■ The court, in its charge, defined the offense of rape in the exact language of the statute. The indictment alleges that appellant "did then and there *intentionally* have intercourse" with the complainant. (emphasis added) "Intentionally" was correctly defined by the court in the terms of Tex.Pen.Code Ann. § 6.03(a) (1974). In applying the law to the facts, the court required the jury to find that appellant "did then and there *intentionally* have sexual intercourse" with the complainant. (emphasis added) The court further instructed the jury that each element of the offense must be proved by the State beyond a reasonable doubt. "Element of the offense" meant, *inter alia,* "the required culpability," and "required culpability" meant the mental state required by law, such as intent. Appellant made no objections to the court's charge.

The court's charge follows the forms provided in Texas Criminal Pattern Jury Charges (State Bar of Texas 1975) and McClung, *Jury Charges for Texas Criminal Practice* (1983). No error in the court's charge is shown.

■ Appellant's assertion that the court erred in including the date of the commission of the offense in the judgment is without merit. He argues that the jury verdict, "[w]e the jury, find the defendant guilty of the offense of rape, as *alleged in the indictment*" (emphasis added) did not include a finding as to the date of the offense and that, therefore, it was error for the court to include such date in the judgment. The indictment alleged the date of the commission of the offense to be April 3, 1978, and the evidence so showed. The judgment includes the usual formal recitations and verdicts of the jury as to guilt and punishment and then recites:

[i]t is therefore ORDERED, ADJUDGED and DECREED by the court that the defendant Henry Pina Rivera is guilty of the offense of rape, committed on April 3,

1978 as found by the jury and that he be punished, as determined by the jury, by confinement in The Texas Department of Corrections for a period of eight (8) years . . . .

Since the jury found the defendant guilty of the offense of rape "as alleged in the indictment," the verdict constituted a finding that the rape occurred on April 3, 1978, as alleged. The judgment need not specify the date on which the offense occurred. It is not one of the requisites of a judgment. Tex.Code Cr.P.Ann. art. 42.01 (1965). It is surplusage and does not render the judgment void. *Ruiz v. State,* 499 S.W.2d 299, 300 (Tex.Cr.App.1973); *Glenn v. State,* 436 S.W.2d 344, 345 (Tex.Cr.App.1969). However, the inclusion in the judgment of the true date of the commission of the offense has been commended by the Court of Criminal Appeals, so that the judgment can more effectively be used for enhancement purposes. *Ruiz v. State, supra* at 300, n. 1.

The judgment of conviction is affirmed.