**James Elliott BURNS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–86–123–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 19, 1987.

Discretionary Review Refused
July 29, 1987.

Jerry D. Patchen, Houston, for appellant.

John B. Holmes, Jr., Eleanor McCarthy, Carol G. Davies, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for the offense of aggravated sexual assault. Appellant was found guilty by a jury and his punishment, enhanced by two prior felony convictions, was assessed by the court at confinement for forty years in the Texas Department of Corrections. We affirm.

Appellant asserts seven points of error. In his first point of error, Appellant contends that since Section 3.01 of the Texas Penal Code restricts its definition of "criminal episode" to property offenses and no other definition of this term is provided by the Code, the concept of criminal episode as used in Section 22.021, the aggravated sexual assault statute, is meaningless.

Section 22.021, Tex.Penal Code Ann. (Vernon Supp.1987), provides in pertinent part:

(a) A person commits an offense if the person commits sexual assault as defined in Section 22.011 of this code and:

. . . .

(4) the person uses or exhibits a deadly weapon in the course of the same criminal episode;

. . . .

██ The only statutory definition of "criminal episode" is that which appears in § 3.01 "the repeated commission of any one offense defined in Title 7 of this code (Offenses Against Property)," and this definition is clearly to be used only for purposes of Chapter 3. *Drake v. State,* 686 S.W.2d 935, 937 (Tex.Crim.App.1985). However, it does not follow that the term "criminal episode" as used elsewhere in the Code is thereby rendered meaningless. Where words are not defined in a statute, the words employed are ordinarily given their plain meaning without regard to the distinction usually made between the construction of penal laws and laws on other subjects, unless the statute clearly shows that they were used in some other sense. *Campos v. State,* 623 S.W.2d 657, 658 (Tex. Crim.App.1981); *Botello v. State,* 720 S.W.2d 838, 840 (Tex.App.—San Antonio 1986, no pet.); *Bush v. State,* 628 S.W.2d

270, 271–272 (Tex.App.—Amarillo 1982, pet. ref'd). The courts of this State have on several occasions construed the phrase "criminal episode" to include the period immediately before or after the actual act of sexual assault. *Jackson v. State,* 591 S.W.2d 820, 822 (Tex.Crim.App.1979); *Holcomb v. State,* 696 S.W.2d 190, 194 (Tex. App.—Houston [1st Dist.] 1985, pet. granted); *Taylor v. State,* 693 S.W.2d 4, 6 (Tex. App.—Beaumont 1985, pet. ref'd); *Segundo v. State,* 662 S.W.2d 798, 802 (Tex.App. —Corpus Christi 1983, pet. ref'd); *Griffith v. State,* 635 S.W.2d 145, 146 (Tex.App.— Houston [1st Dist.] 1982, no pet.). We hold that for purposes of Section 22.011 and 22.021, the "criminal episode" commences when the attacker in any way restricts the victim's freedom of movement and it ends with the final release or escape of the victim from the attacker's control. We further hold that the use or exhibition of a weapon *at any time* during this period will elevate the crime to an aggravated status. Point of error one is overruled.

In his second point of error, Appellant contends that there was insufficient evidence to sustain his conviction. Appellant essentially contends that the phrase "criminal episode," if not meaningless, should be construed to include only the duration of the act of sexual intercourse.

The evidence showed that when the complainant attempted to escape from Appellant's truck he displayed a knife with a five-inch blade. He held the knife in one hand and complainant's arms in the other and told her, "We can do this the easy way or we can do it the hard way. But either way, you're going to have to cooperate." Appellant then pulled her from the truck, pushed her down, sat on her legs to prevent her escape and then raped her. The complainant testified that she could not see the knife during the actual rape. When Appellant stood up to dress, the complainant got up and again tried to escape. Appellant caught her from behind and forced her back to the truck. He had his arm across her chest and she again saw the knife in his left hand.

Although the complainant was not able to see the knife during the act of sexual intercourse, she saw it before and after. Thus, the evidence showed that the knife was exhibited during the criminal episode. We hold that this evidence was sufficient to prove the aggravating element of the offense. Appellant's second point of error is overruled.

In his third point of error, Appellant asserts that the phrase "same criminal episode" in § 22.021 is unconstitutionally vague. However, a review of the record reveals no trial objection on these grounds. The constitutionality of a statute may not be raised for the first time on appeal. *Clark v. State,* 721 S.W.2d 424, 425 (Tex. App.—Houston [1st Dist.] 1986, no pet.); *Botello v. State,* 720 S.W.2d at 840; *Casares v. State,* 712 S.W.2d 818, 821 (Tex. App.—Houston [1st Dist.] 1986, no pet.). Even if the point had been properly raised, we believe that the statute gives reasonable notice of what acts will constitute use or exhibition of a deadly weapon during "the same criminal episode" as the sexual assault. We further believe a person of ordinary and average intelligence can determine with reasonable certainty what conduct is prohibited by statute. Appellant's third point of error is overruled.

In his fourth point of error, Appellant contends that the trial court did not have jurisdiction over the offense because the evidence was insufficient to prove that the offense occurred in the State of Texas. Texas Penal Code, Section 1.04 provides that:

(a) This State has jurisdiction over an offense that a person commits by his own conduct or the conduct of another for which he is criminally responsible if:

(1) either the conduct or a result that is an element of the offense occurs inside this State;

. . . .

Tex.Penal Code Ann. § 1.04 (Vernon 1974). However, jurisdiction, like any other requisite of an offense, may be proven by circumstantial evidence. *Vaughn v. State,* 607 S.W.2d 914, 920 (Tex.Crim.App.1980).

■ The record reflects that the complainant and her boyfriend were hitchhiking and were picked up by Appellant. After making several stops, Appellant drove to a convenience store and told the complainant's boyfriend to go in and buy a coke and some cigarette papers. While the boyfriend was in the store, Appellant drove away and prevented the complainant's escape from the vehicle. The complainant testified that this occurred at between 12:00 A.M. and 12:30 A.M. The complainant testified as to the route driven by Appellant after they left the convenience store. She described landmarks she remembered including a toll booth, railroad tracks, Army bunker-like structures and the woods in which the rape occurred. She stated that the toll bridge toll booth was "pretty close" to the 7–Eleven and that they drove for "a while" from the toll bridge to the woods. She said that the toll bridge was "by Beltway 8." The complainant testified that she saw "Army shelters" along the road and then they crossed some railroad tracks. She said it was soon after crossing the tracks that the Appellant stopped the truck in a wooded area. After the assault Appellant returned by the same route to the convenience store. When complainant ran into the store and behind the check-out counter, Appellant left the store. The convenience store employee testified that the complainant entered the store "roughly after 1:00" and remained there for at least an hour. The police were called and arrived at 2:13 A.M. The victim was taken to the hospital shortly thereafter.

The State called one of the officers, Officer Caramanna, to testify regarding his investigation of the sexual assault. He explained that the victim described to him the route traveled and the site of the sexual assault. He and another officer were able to trace the route based upon her description. He testified that the toll bridge described by the victim was located in Harris County, Texas. He stated that it was approximately one-half to three quarters of a mile from Interstate 10 to the toll bridge. At the toll bridge they interviewed the state trooper on duty there and described the area they were searching for.

He accompanied them from the toll bridge to a nearby site meeting the complainant's description. They saw the "Army bunker type" structures and then the railroad tracks described by the complainant. Officer Caramanna testified that these railroad tracks were within an eighth of a mile from the Army structures. The officers searched the woods near the tracks and bunkers and discovered a Budweiser beer can and paper sack. The strong odor of animal decay in the area in which these items were discovered also met the description of the scene given by complainant. The state trooper on duty at the toll gate that night testified that the area was "somewhere very nearby the toll gate." Officer Caramanna identified the area as the 15,500 block of Appelt. He described it as off Interstate 10, out where the old Army camp used to be and stated that it was directly north of the toll bridge toll gates. The state trooper confirmed that the area was located in the 15,500 block of Appelt and was on the Jacinto Port Boulevard end of Appelt. The State further proved the convenience store was a 7–Eleven store located at Beltway 8 and Green Shadows in Harris County, Texas. We find the evidence sufficient to prove that the offense occurred in the County of Harris and State of Texas as alleged in the indictment. Appellant's fourth point of error is overruled.

In his fifth point of error, Appellant asserts the trial court erred in admitting into evidence the beer can and paper sack found by police. Appellant objects that these items could not establish that the site where they were discovered was the site of the offense.

■ Appellant's trial objection to the State's offer of these exhibits was as follows:

MR. JETER: I object, your Honor very strenuously. His information he went out there and saw some beer can laying out there and with no fingerprints on it, no nothing. The sack laying out there, doesn't mean anything at all. I don't think it should go in evidence. The defendant objects to it.

THE COURT: Overruled. Both of them are admitted.

However, prior to the introduction of these items, a police officer testified that he found the items in the woods. No objection was made to this testimony. The harm to Appellant, if any, would have been caused by the testimony and not the admission into evidence of the beer can and paper sack. We find Appellant's objection was not timely and preserves nothing for review. Further, we find it to be harmless. Point of error five is overruled.

 Appellant also requests that this Court reform the judgment rendered in this cause to give him credit for the time he actually spent in custody from the date of his arrest to the date that sentence was pronounced. The State concedes that this point of error is meritorious.

Appellant was arrested on September 7, 1985, and held in jail without bond continuously from his arrest until he was sentenced by the trial court on January 31, 1986. The judgment reflects that his sentence was erroneously back dated to January 6, 1986, to reflect credit from the date of his reindictment to the date of sentencing. We find Appellant was entitled to receive credit for all the time he spent in pretrial confinement. Tex.Code Crim.Proc. Ann. art. 42.03, § 2 (Vernon Supp.1987); *Espinosa v. State*, 653 S.W.2d 446, 448 (Tex.App.—San Antonio 1982), *aff'd* 669 S.W.2d 736 (1984). The provisions of Article 42.03, § 2 are mandatory. *Guerra v. State*, 518 S.W.2d 815, 817 (Tex.Crim.App. 1975). The appropriate remedy is to reform the judgment to read: "Sentence to begin: January 31, 1986 with 147 days confinement credit (September 7, 1985 to January 31, 1986)." We sustain Appellant's sixth point of error.

In his final point of error, Appellant asserts that the trial court erred by including in the judgment the date the offense was committed. He argues that a jury finding that the offense occurred on September 4, 1985, cannot be inferred from the jury's verdict, "[W]e, the Jury, find the defendant, James Elliott Burns, guilty of aggravated sexual assault, as charged in the indictment." Therefore, he requests that the notation "Date of offense: 9–4–85" should be deleted from the judgment.

The indictment alleged the date of the commission of the offense to be "on or about September 4, 1985". The evidence showed that September 4, 1985, was in fact the date of the offense. The jury's verdict finding Appellant guilty as charged in the indictment constituted a finding that the offense was committed on the date alleged in the indictment. *Rivera v. State*, 653 S.W.2d 119, 121 (Tex.App.—Austin 1983, no pet.). The date of the commission of the offense is surplusage and need not be included in the judgment. *Ruiz v. State*, 499 S.W.2d 299, 300 (Tex.Crim.App.1973). However, inclusion in the judgment of the correct date of the offense allows the judgment to be used more effectively for enhancement purposes. We hold that the inclusion of the date of the offense was proper. Point of error seven is overruled.

Accordingly, the judgment of the trial court, as reformed, is affirmed.