**Donald Raymond DODGEN, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–95–347–CR.**

Court of Appeals of Texas, Eastland.

June 6, 1996.

---

Stuart Holden, Abilene, for appellant.

James Eidson, Criminal District Attorney, Kollin Shadle, Appellate Section, Criminal District Attorney's Office, Abilene, for appellee.

Before ARNOT, C.J., DICKENSON, J., and McCLOUD, Senior Justice.*

DICKENSON, Justice.

The jury found that Donald Raymond Dodgen was guilty of aggravated sexual assault [1] and assessed his punishment at confinement for a term of 99 years.[2] We affirm the conviction, but we reverse the judgment of the trial court and remand the cause for further proceedings as to punishment.[3]

---

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. TEX. PENAL CODE ANN. § 22.021 (Vernon 1994 & Supp.1996) defines the offense and provides that it is a felony of the first degree.

2. TEX. PENAL CODE ANN. § 12.32 (Vernon 1994) provides that the punishment for a person convicted of a felony of the first degree shall be imprisonment for life or for any term of not less than five years nor more than 99 years. An optional fine of not more than $10,000 may be imposed in addition to imprisonment.

3. TEX. CODE CRIM. PRO. ANN. art. 44.29 (Vernon Supp.1996) provides that, if an appellate court awards a new trial on the basis of errors in the punishment stage of trial, the new trial shall commence "as if a finding of guilt had been returned and proceed to the punishment stage of the trial."

## Background Facts

The complainant and appellant had been friends for several years, and they had dated in the past. Both of them testified as to different versions of the incidents which led to sexual intercourse on December 15, 1994, in Taylor County, Texas. Appellant testified that the complainant consented. The complainant testified that appellant displayed a knife and forced her to submit to his demands. The jury resolved their dispute. There is no challenge to the sufficiency of the evidence.

## Points of Error

Appellant argues in seven points of error that the trial court erred: (Point One) in admitting evidence of three of appellant's prior convictions during the punishment stage of trial; (Point Two) in admitting testimony regarding oral statements made by appellant "during custodial interrogation"; (Points Three and Four) in overruling an objection to the charge on the guilt/innocence stage of trial and in refusing to define the term "criminal episode"; (Point Five) in excluding testimony that the complainant had told appellant that another person had sexually assaulted her; and (Points Six and Seven) in allowing a probation officer to testify during the punishment stage of trial because the probation officer had not been listed as a witness and was "not competent" to testify about appellant's probation record in a prior case. We sustain Point of Error No. 1, and we overrule Points of Error Nos. 2, 3, 4, and 5. The last two points become moot in view of our ruling on the first point of error.

## Proof of Prior Convictions

Appellant argues in his first point of error that the trial court erred in admitting evidence of three of his prior misdemeanor convictions during the punishment stage of trial "because the State did not give appellant notice of the State's intent" to introduce evidence of these convictions. TEX. CODE CRIM. PRO. ANN. art. 37.07, § 3(g) (Vernon Supp.1996) provides:

> On timely request of the defendant, *notice of intent to introduce evidence* under this article [of prior criminal record] *shall be given in the same manner required by Rule 404(b)*, Texas Rules of Criminal Evidence....The requirement under this subsection that the attorney representing the state give notice applies only if the defendant makes a timely request to the attorney representing the state for the notice. (Emphasis added)

TEX.R.CRIM.EVID. 404(b) provides in relevant part that evidence of other crimes may be admissible for certain purposes if, upon timely request by the accused, "reasonable notice is given in advance of trial" of the State's intent to introduce evidence of other crimes committed by the accused.

On April 21, 1995, appellant's attorney filed two requests for the State to give notice of its intent to introduce evidence of appellant's prior criminal record. The first request was filed under Rule 404(b), and the second request was filed under Article 37.07, section 3(g). The State filed its first response to both requests on September 29, 1995, and its second response to these requests on October 13, 1995.

Both responses to the requests "for Notice of Intent" are identical, and they read in relevant part as shown:

> Please find enclosed the State's Response to Defendant's Motions for Discovery, along with various documents:
>
> V. *Request for Notice of Intent to Introduce Evidence of Extraneous Acts:*
>
> 1. [not applicable]
>
> 2. Delivery of Marijuana conviction on January 24, 1994 in Taylor County, Texas (see record of Defendant's criminal history).
>
> 3. Rebuttal (unknown to State at this time).
>
> VI. *Request for Notice of Intent to Introduce Evidence of Extraneous Act During the Punishment Stage of Trial:*
>
> 1. Same as above.

The statement of facts from the punishment stage of trial shows the following offers, objections, and rulings:

> [PROSECUTOR]: Your Honor, at this time the State would offer State's Exhibit 5 which is a judgment and conviction re-

garding Donald Dodgen on the 6th day of August, 1991, for the Class B misdemeanor offense of reckless conduct.

\* \* \* \* \* \*

The State would next offer what has been marked as State's 6 which is a judgment and sentence of criminal conviction, County Court at Law No. 1, Taylor County, against Donald Raymond Dodgen for the offense of Class B misdemeanor for criminal trespass.

\* \* \* \* \* \*

Next the State would offer what has been marked as State's Exhibit 7 which is a judgment and sentence of a criminal conviction in the County Court at Law No. 1 against Donald Raymond Dodgen regarding a Class A misdemeanor offense of resisting offense.

Appellant's lawyer objected to each of these exhibits "on the basis that we were not notified of the State's intent" to introduce this in the punishment stage of the trial. The trial court overruled all three objections, and State's Exhibit Nos. 5, 6, and 7 were received into evidence.

The Court of Criminal Appeals held in *Buchanan v. State*, 911 S.W.2d 11 at 15 (Tex.Cr.App.1995):

It is undisputed that appellant made a timely written request for such Rule 404(b) notice....The plain language of Rule 404(b) requires upon such request that the State give notice "of intent to introduce in [its] case in chief such evidence...." We cannot conclude that the mere opening of its file containing an offense report detailing extraneous evidence satisfies the requirement of giving notice "of intent to introduce" such evidence.

It should be noted that the trial court did not have the benefit of the holding in *Buchanan* that the State's "open file" policy does not comply with the Rule 404(b) requirement that the State "provide notice in advance of trial of its intent to introduce" such evidence. The opinion in *Buchanan* was announced on November 29, 1995, and the case now before us was tried in October of 1995.

4. See Footnote 3.

TEX. CODE CRIM. PRO. ANN. art. 37.07, § 3 (Vernon Supp.1996) permits the State to introduce evidence "as to any matter the court deems relevant" to sentencing, including but not limited to the prior criminal record of the defendant and "any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt" to have been committed by defendant, regardless of whether he has been charged or convicted of the crime or bad act. The admissibility of evidence under this article is subject to the requirement that, on timely request of the defendant, "notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b)." Since the Court of Criminal Appeals held in *Buchanan* that an "open file" policy does not comply with the Rule 404(b) requirement of "notice of intent" to introduce evidence, the same holding must also apply to the "notice of intent" under Article 37.07, section 3(g). That subsection specifically requires that "notice of intent" shall be given "in the same manner required by Rule 404(b)." Even though the State furnished a "record of Defendant's criminal history," its response only shows an intent to introduce proof of the delivery of marihuana conviction. The first point of error is sustained. We are not able to determine "beyond a reasonable doubt" that this error "made no contribution" to the 99–year sentence which the jury imposed; consequently, the cause must be remanded for a new punishment hearing.[4]

### Oral Statement During Interrogation

The second point of error is overruled because the statements about which appellant complains were not made during "custodial interrogation." Consequently, the requirements of TEX. CODE CRIM. PRO. ANN. art. 38.22, § 3(a) (Vernon Supp.1996) are not applicable. Appellant was not under arrest when he was interrogated by the police officer, and he was permitted to leave when the interview was concluded.

### Objections to Charge

Appellant argues in Points of Error Nos. 3 and 4 that the trial court erred in

overruling his objection to the charge on guilt/innocence and in refusing his request for a definition of the term "criminal episode." Before the charge was read to the jury, the record shows the following discussion:

[DEFENSE COUNSEL]: Comes now the Defendant and make the following objections to the charge of the Court. . . . Defendant objects to paragraph 8 of the Court's charge. Defendant objects to the language . . . of a deadly weapon being in that paragraph, on the grounds that this is the consent instruction and under this instruction it would allow the jury to convict the Defendant . . . even if they believed there was no force or violence. If they do believe a deadly weapon is involved this would relieve the State to prove physical force and violence.

\*     \*     \*     \*     \*     \*

Defendant would request that in the definitions portion of the charge . . . the Court instruct the jury that the definition of criminal episode be defined for the jury as follows, a quote, "criminal episode" close quote commences [when] the alleged attacker if in any way restricts alleged victim's freedom of movement and it end[s] with the final release or escape of the alleged victim from the alleged attacker's control.

The trial court denied the requested instruction and overruled the objection to Paragraph 8. That paragraph reads in full as shown:

If you find from the evidence beyond a reasonable doubt that on the occasion, and at the time and place alleged, the defendant did cause the penetration of [the complainant's] female sexual organ by inserting his sexual organ therein, *but you further find, or you have a reasonable doubt thereof,* that defendant did not compel [the complainant] to submit or participate in the act by threatening to use force, violence, *or* a deadly weapon against [the complainant], then *you will find the defendant not guilty.* (Emphasis added)

This paragraph did not reduce the State's burden of proof; it required the State to prove both force "and" a deadly weapon.

The jury was instructed to "find the defendant not guilty" if they had a reasonable doubt of either allegation. In *Richards v. State,* 644 S.W.2d 726 (Tex.Cr.App.1982), the case relied upon by appellant for this point of error, the jury was instructed to "find the defendant guilty" if they believed either of the alternative allegations. In the case before us, the jury was instructed to do the opposite. The third point of error is overruled.

Appellant cites *Burns v. State,* 728 S.W.2d 114 (Tex.App.—Houston [14th Dist.] 1987, pet'n ref'd), in support of his request for a definition of "criminal episode." In *Burns,* the court notes that the only statutory definition of "criminal episode" relates to offenses against property and then states:

Where words are not defined in a statute, the words employed are ordinarily given their plain meaning without regard to the distinction usually made between the construction of penal laws and laws on other subjects, unless the statute clearly shows that they were used in some other sense.

While appellant's requested definition of "criminal episode" comes from *Burns,* we note that the issue before the court in that case did not relate to any objections to the court's charge to the jury.

The Court of Criminal Appeals held in *Russell v. State,* 665 S.W.2d 771 at 780 (Tex.Cr.App.1983):

Where there is no statutory definition of a term, the question of trial court's obligation to define the term depends on whether the term has such a common and ordinary meaning that jurors can be fairly presumed to know and apply such meaning.

Where terms used are words simple in themselves and are used in their ordinary meaning, jurors are supposed to know such common meaning and terms, and under such circumstances such common words are not necessarily to be defined in the charge to the jury. (Citations omitted)

The trial court did not err in overruling the request for a definition of "criminal episode." Even if it had been error to overrule this request, it would not have been "calculated to

injure the rights" of appellant or to prevent him from having a "fair and impartial trial." *Almanza v. State*, 686 S.W.2d 157 at 171 (Tex.Cr.App.1985); TEX. CODE CRIM. PRO. ANN. art. 36.19 (Vernon 1981). The fourth point of error is overruled.

### Other Sexual Assault

Appellant argues in his fifth point of error that the trial court erred in excluding testimony that, "shortly before" appellant's offense, the complainant told him that "another person had sexually assaulted her." The statement of facts shows the following proceedings outside the presence of the jury:

*Appellant's answers to his lawyer's questions:*

Q: Did [the complainant], before December 15, 1994, ever claim to you that someone else had raped her?

A: Yes, she did.

Q: When did she make that statement approximately?

A: Like two and a half, two weeks before she started this allegation that I done it.

Q: Who was it that [the complainant] claimed had raped her?

A: [J. T.]

*The complainant's answers to appellant's lawyer's questions:*

Q: [P]rior to December 15th of last year had you ever accused anyone of sexually assaulting you?

A: Yes.

Q: And to whom did you make that claim?

A: Donald.

Q: Now, when was it that you told Donald someone had sexually assaulted you?

A: I believe it was a few days prior to that, prior to December 15th.

Q: And who was the person that you told Donald sexually assaulted you?

A: [J.].

Q: [J. T.]?

A: Yes.

Q: Did you ever tell anyone else that [J.T.] had sexually assaulted you?

A: No.

Q: Did you ever file charges against him or in any way bring that matter to the attention of the authorities?

A: No.

In *Montgomery v. State*, 810 S.W.2d 372 at 378–379 (Tex.Cr.App.1990), the Court of Criminal Appeals discussed the respective roles, of the trial court and of the appellate court, in making "balancing determinations" as to whether the relevance of evidence is substantially outweighed by unfair prejudice. The court states:

Appellate courts, bound by cold appellate records, must afford the trial courts discretion because the trial court judge is in a superior position to evaluate the impact of the evidence.

\* \* \* \* \* \*

[T]he trial court should be allowed the discretion to exclude or admit evidence before the jury and an appellate court should not set aside the trial court's rulings absent a showing in the record that the trial court has abused that discretion.

We do not find any abuse of discretion in the trial court's ruling which excluded testimony that the complainant told appellant "shortly before" appellant sexually assaulted her that "someone else had raped her." The fifth point of error is overruled.

### This Court's Ruling

The judgment of the trial court is affirmed insofar as it declares that appellant is guilty of aggravated sexual assault; the judgment of the trial court is reversed insofar as it assesses punishment; and the cause is remanded for further proceedings on the punishment stage of trial.