**Louis Alejandro ORTIZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–98–00148–CR.**

Court of Appeals of Texas, Eastland.

Sept. 23, 1999.

Discretionary Review Refused Jan. 12, 2000.

---

Tim Copeland, Attorney at Law, Abilene, for appellant.

Mark Edwards, District Attorney, Sweetwater, Latham Boone, Special Prosecuter, Huntsville, William O. Juvrud, Special Prosecutor, Plainview, for appellee.

Panel consists of: ARNOT, C.J., and McCALL, J., and DICKENSON, S.J.*

## OPINION

BOB DICKENSON, Senior Justice (Retired).

Louis Alejandro Ortiz was indicted for murder,[1] and the jury convicted him of the lesser included offense of aggravated assault.[2] The jury assessed his punishment at confinement for a term of 20 years and a fine of $10,000.[3] We affirm the conviction.

### Background Facts

Appellant was one of seven prison inmates who were indicted for the death of another prison inmate, Rene Omar Guerra, on June 25, 1995, while they were confined in Mitchell County at the Wallace Unit of the Texas Department of Criminal Justice. There is no challenge to the sufficiency of the evidence, and all parties agreed to change the venue from Mitchell County to Nolan County.

### Issues on Appeal

■ Appellant argues in two points of error that the trial court erred (1) in allow-

---

* Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. TEX. PENAL CODE ANN. § 19.02 (Vernon 1994) defines the offense and declares it to be a felony of the first degree.

2. TEX. PENAL CODE ANN. § 22.02 (Vernon 1994) defines the offense and declares it to be a felony of the second degree.

3. Pursuant to TEX. CODE CRIM. PRO. ANN. art. 42.08(b) (Vernon Supp.1999), the judgment provided that this sentence shall not commence until appellant completes the sentence for which he was confined at the time of this offense.

ing the introduction of appellant's criminal history in the punishment phase and (2) in charging the jury on the provisions for mandatory sentencing of a prisoner who commits an offense.

### Use of Criminal History in Punishment Phase

When the special prosecutor offered State's Exhibit No. 28 (a penitentiary packet), appellant's trial counsel requested a hearing outside the presence of the jury. After the jury left the courtroom, the record shows the following:

[DEFENSE COUNSEL]: Your Honor, State's 28 is what we commonly call a pen packet which contains a Disposition Order [resulting in appellant's incarceration]. [T]his is conditioned upon notice of intent to introduce such evidence.

\* \* \*

Judge, the notice that is required is not the *mere open file policy* that [the special prosecutor] kindly has in these cases *or the mailing to me of a pen packet*.... It requires an express intent *he does intend to introduce this evidence in the punishment phase.* And I would refer the Court to the *Dodgen* case [4] which is an Eastland Court of Appeals case that took up this issue.... We don't believe that the *mere sending of this to me or filing it with the Court* ... is sufficient notice, and so for that reason and based on the *Dodgen* case we object to the introduction of State's Exhibit Number 28.

[SPECIAL PROSECUTOR]: Your Honor, [the pen packet was filed with the Court] and the notice was mailed to him. I don't know what other purpose he could have assumed it would be used for.

THE COURT: What notice of intent to introduce this evidence?

[SPECIAL PROSECUTOR]: Letter we sent accompanying the filing of this document with the Court.

THE COURT: *It is filed. Sent him notice of intent to introduce it?*

[SPECIAL PROSECUTOR]: *No, sir, not specifically. But it is filed*—It comes in under Business Records as well, because it has been filed with the Court for the requisite time. *Defense has been notified.* We would offer it under that provision, if nothing else. He has had notice of the record and time because it was filed with it.

THE COURT: *Dodgen* case, this pen packet, was it filed?

[SPECIAL PROSECUTOR]: Your Honor, it didn't deal with a pen packet. It dealt with open file policy.... Certainly, common sense would say that that notice would let him know this could be used against his client in this case.

\* \* \*

[DEFENSE COUNSEL]: *I think that is the crux of this argument,* Judge. I don't think the mere filing puts me on notice of anything. Like an open file policy doesn't put me on notice of anything....

[SPECIAL PROSECUTOR]: [*Dodgen*] is distinguished because that was an open file policy case, and this is totally different. We have documents filed of record with the Court capable of being introduced into evidence because they complied with the Statute requirement in that procedure.

THE COURT: Was there a business record affidavit filed?

[SPECIAL PROSECUTOR]: Your Honor, it is on the face of the document....

THE COURT: Certainly the *Dodgen* case at least stands for the fact for

---

4. See *Dodgen v. State*, 924 S.W.2d 216 (Tex. App.—Eastland 1996, pet'n ref'd).

having open file policy is not sufficient to provide defense with the notice of intent to introduce. Does the filing in the Court file [and] providing copies [to defense counsel] along with Business Records Affidavit, comply? I believe that is distinguishable. *There is no other purpose of filing the Business Records Affidavit other than to attempt to show it would be admissible to introduce into evidence, which would provide some notice of an intent to introduce that pen packet. And I find that notice to be reasonable notice indicating an intent of the State to introduce the pen packet in the punishment phase of the trial.* Therefore, defendant's objection based on the lack of notice is overruled. (Emphasis added)

We agree with the trial court that *Dodgen* is distinguishable from the facts of this case. When the special prosecutor gave notice to opposing counsel of the filing with the district clerk of the penitentiary packet, this was sufficient to satisfy the notice requirements of TEX.R.EVID. 404(b) and TEX. CODE CRIM. PRO. ANN. art. 37.07, § 3(g) (Vernon Supp. 1999). The first point of error is overruled.

### Objection to Charge

 Appellant's trial counsel objected to only one paragraph in the court's charge to the jury during the punishment phase of trial, and that portion of the charge reads in full as shown:

If a defendant is sentenced for an offense committed while the defendant was a prisoner in the Texas Department of Criminal Justice— Institutional Division and the defendant has not completed the sentence he was serving at the time of the offense, the judge shall order the sentence for the subsequent offense to commence immediately on completion of the sentence for the original offense.

That charge is in all material respects taken from TEX. CODE CRIM. PRO. ANN. art. 42.08(b) (Vernon Supp 1999). The charge also instructed the jury not to consider "the manner in which the parole law may by applied to this particular defendant" and not to consider "how long the accused would be required to serve the sentence that you impose." The trial court did not commit any reversible error. See TEX.R.APP.P. 44.2(b). The second point of error is overruled.

The judgment of the trial court is affirmed.