KENNEDY V. WILLIAMS



NO. 07-04-0498-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JANUARY 25, 2005



______________________________




KENNETH KENNEDY, APPELLANT



V.



V'RHETT WILLIAMS, APPELLEE




_________________________________



FROM THE 72ND DISTRICT COURT OF CROSBY COUNTY;



NO. 5670; HONORABLE J. BLAIR CHERRY, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

MEMORANDUM OPINION


 Pending before this Court is appellant Kenneth Kennedy's motion to dismiss in which
he represents he no longer wishes to pursue this appeal. By the certificate of conference,
Kennedy asserts that appellee V'Rhett Williams agrees to the dismissal. Without passing
on the merits of the case, Kennedy's motion is granted and the appeal is dismissed. Tex.
R. App. 42.1(a)(1). As requested, costs are to be assessed against the party incurring
same. Having dismissed the appeal at Kennedy's request, no motion for rehearing will be
entertained and our mandate will issue forthwith

 Don H. Reavis

 Justice



ties to Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979) and Moff v. State, 131 S.W.3d 485, 488 (Tex. Crim. App. 2004) for its
explanation. 

 Deadly Weapon 

 Next, when a person is charged with "us[ing] or exhibit[ing] a deadly weapon, to-wit:
a knife," the evidence must establish that the knife used was actually deadly. Lockett v.
State, 874 S.W.2d 810, 814 (Tex. App.-Dallas 1994, pet. ref'd). The Penal Code defines
a "deadly weapon" as "anything manifestly designed, made, or adapted for the purpose of
inflicting death or serious bodily injury; or . . . anything that in the manner of its use or
intended use is capable of causing death or serious bodily injury . . . . " Tex. Pen. Code
Ann. §1.07(a)(17)(A) & (B) (Vernon Supp. 2005). Although a knife is not a deadly weapon
per se, Thomas v. State, 821 S.W.2d 616, 620 (Tex. Crim. App. 1991), it may be shown
to be so via evidence of its size, shape, sharpness, manner of use or intended use, and its
capacity to produce death or serious injury. Billey v. State, 895 S.W.2d 417, 420 (Tex.
App.-Amarillo 1995, pet. ref'd). Additionally, evidence of the use of expressed or implied
threats, the distance between the accused and the victim, and the victim's description of
the knife are also indicia susceptible to consideration. Id. Finally, while expert testimony
regarding the deadly nature of a knife need not be produced to secure a conviction, it can
nonetheless be useful. Davidson v. State, 602 S.W.2d 272, 273 (Tex. Crim. App. 1980);
Lockett v. State, 874 S.W.2d at 814. 

 The victim, appellant's former girlfriend, testified that while in the living room of
appellant, he began beating, choking, and biting her. So too did he throw her to the floor,
spread her legs, kick her in the vagina, and demand that she remove her clothes. While
this occurred, the victim attempted to scream; however, appellant covered her mouth and
threatened to kill her. Then, she was taken by appellant into the kitchen where he placed
her head in the freezer, fondled her vaginal area, grabbed a knife with "little creases" on
the end of it, and stated he wanted to both kill himself and "cut off" her vagina. The victim
testified that she was "very scared" and believed that he could badly hurt or kill her.

 Additionally, an investigating officer testified that the victim described the knife as
a "steak knife" or "paring knife" with a six-inch blade. She further informed him that
appellant "held [the knife] to her and threatened to kill her again." And, when asked, the
officer opined that the knife described to him was capable of causing death or serious
bodily injury. He further thought it to be a deadly weapon. 

 From 1) the description of the knife, 2) appellant's verbal threats of death and
maiming that accompanied its exhibition, 3) appellant's act of holding the knife "to her," 4)
the extreme fear of the victim and her belief that appellant could kill her, and 5) the
testimony by the officer regarding the harm that the knife was capable of causing, there are
indicia sufficient to allow a rational jury to conclude, beyond a reasonable doubt, that the
weapon was capable of causing death or serious bodily injury in the manner of its use or
intended use. Billey v. State, 895 S.W.2d at 422 (holding that the evidence was sufficient
to support a finding that a knife was capable of causing serious bodily injury or death in the
manner of its intended use when the defendant exposed a concealed knife, impliedly
threatened to use the knife to inflict serious bodily injury or death if the money from the
cash register was not given to him, and he was in close proximity to the victim where he
could do so if she did not comply with his demands). This being so, the finding that the
knife constituted a deadly weapon was and is supported by legally sufficient evidence. 

 Same Criminal Episode

 Next, appellant questions whether the deadly weapon at issue was used during the
same criminal episode encompassing the rape. It purportedly was not because it was not
brandished when the actual rape occurred. Nor purportedly did it facilitate the rape,
according to appellant. 

 A sexual assault becomes aggravated when a person uses or exhibits a deadly
weapon in the course of the same criminal episode. Tex. Pen. Code Ann.
§22.021(a)(2)(A)(iv) (Vernon Supp. 2005). Furthermore, the criminal episode begins when
the assailant restricts, in any way, the victim's freedom of movement and ends with the final
release or escape of the victim from the attacker's control. Burns v. State, 728 S.W.2d
114, 116 (Tex. App.-Houston [14th Dist.] 1987, pet. ref'd). Finally, the use or exhibition of
the weapon at any time during that period elevates the crime to aggravated sexual assault. (1) 
Id. 

 Again, the evidence of record illustrates that appellant first restricted his victim's
freedom while in the living room. The restriction continued into the kitchen wherein he held
the knife and through the bedroom wherein he forcibly committed the act of sodomy and
required her to perform fellatio. Moreover, throughout this entire period, appellant's actions
had sexual overtones. For instance, while in the living room he spread her legs and
directed her to disrobe. In the kitchen, he fondled his victim's genitalia, and in the
bedroom, he anally and orally assaulted her. Given this evidence, a rational jury could
conclude beyond reasonable doubt that appellant exhibited the deadly weapon during the
same criminal episode as the rape. 

 Having overruled the sole issue of appellant, we affirm the trial court's judgments.


 Brian Quinn

 Chief Justice


Do not publish.

 

 

 
1. Though the State alleged, in its indictment, that appellant "used and exhibited a deadly weapon
[emphasis added]" during the criminal episode, the charge required the jury to determine whether appellant
used "or" exhibited the instrument during that period. See Garrett v. State, 682 S.W.2d 301, 309 (Tex. Crim.
App. 1984) (holding permissible such interchange between the conjunctive and disjunctive). So, the jury need
only have found that the weapon was exhibited during the criminal episode to convict appellant of the
accusations.