NO. 07-05-0314-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 30, 2006
_____

NAPOLEON J. FIGUEROA,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-402,738; HON. CECIL G. PURYEAR, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

Napoleon J. Figueroa (appellant) appeals his two convictions for aggravated sexual assault. His sole issue concerns the legal sufficiency of the evidence underlying the findings that a deadly weapon was used or exhibited during the course of the rape. That is, the State allegedly failed to prove that the knife he brandished was a deadly weapon and that it was used or exhibited during the same criminal episode. We overrule the issue and affirm the judgments of the trial court.

The standard by which we review the legal sufficiency of the evidence is well established. We refer the parties to *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Moff v. State,* 131 S.W.3d 485, 488 (Tex. Crim. App. 2004) for its explanation.

*Deadly Weapon*

Next, when a person is charged with "us[ing] or exhibit[ing] a deadly weapon, to-wit: a knife," the evidence must establish that the knife used was actually deadly. *Lockett v. State,* 874 S.W.2d 810, 814 (Tex. App.–Dallas 1994, pet. ref'd). The Penal Code defines a "deadly weapon" as "anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or . . . anything that in the manner of its use or intended use is capable of causing death or serious bodily injury . . . . " TEX. PEN. CODE ANN. §1.07(a)(17)(A) & (B) (Vernon Supp. 2005). Although a knife is not a deadly weapon *per se, Thomas v. State,* 821 S.W.2d 616, 620 (Tex. Crim. App. 1991), it may be shown to be so via evidence of its size, shape, sharpness, manner of use or intended use, and its capacity to produce death or serious injury. *Billey v. State,* 895 S.W.2d 417, 420 (Tex. App.–Amarillo 1995, pet. ref'd). Additionally, evidence of the use of expressed or implied threats, the distance between the accused and the victim, and the victim's description of the knife are also indicia susceptible to consideration. *Id.* Finally, while expert testimony regarding the deadly nature of a knife need not be produced to secure a conviction, it can nonetheless be useful. *Davidson v. State,* 602 S.W.2d 272, 273 (Tex. Crim. App. 1980); *Lockett v. State,* 874 S.W.2d at 814.

The victim, appellant's former girlfriend, testified that while in the living room of appellant, he began beating, choking, and biting her. So too did he throw her to the floor,

2

spread her legs, kick her in the vagina, and demand that she remove her clothes. While this occurred, the victim attempted to scream; however, appellant covered her mouth and threatened to kill her. Then, she was taken by appellant into the kitchen where he placed her head in the freezer, fondled her vaginal area, grabbed a knife with "little creases" on the end of it, and stated he wanted to both kill himself and "cut off" her vagina. The victim testified that she was "very scared" and believed that he could badly hurt or kill her.

Additionally, an investigating officer testified that the victim described the knife as a "steak knife" or "paring knife" with a six-inch blade. She further informed him that appellant "held [the knife] to her and threatened to kill her again." And, when asked, the officer opined that the knife described to him was capable of causing death or serious bodily injury. He further thought it to be a deadly weapon.

From 1) the description of the knife, 2) appellant's verbal threats of death and maiming that accompanied its exhibition, 3) appellant's act of holding the knife "to her," 4) the extreme fear of the victim and her belief that appellant could kill her, and 5) the testimony by the officer regarding the harm that the knife was capable of causing, there are indicia sufficient to allow a rational jury to conclude, beyond a reasonable doubt, that the weapon was capable of causing death or serious bodily injury in the manner of its use or intended use. *Billey v. State,* 895 S.W.2d at 422 (holding that the evidence was sufficient to support a finding that a knife was capable of causing serious bodily injury or death in the manner of its intended use when the defendant exposed a concealed knife, impliedly threatened to use the knife to inflict serious bodily injury or death if the money from the cash register was not given to him, and he was in close proximity to the victim where he

3

could do so if she did not comply with his demands).  This being so, the finding that the knife constituted a deadly weapon was and is supported by legally sufficient evidence.

*Same Criminal Episode*

Next, appellant questions whether the deadly weapon at issue was used during the same criminal episode encompassing the rape.  It purportedly was not because it was not brandished when the actual rape occurred.  Nor purportedly did it facilitate the rape, according to appellant.

A sexual assault becomes aggravated when a person uses or exhibits a deadly weapon in the course of the same criminal episode.  TEX. PEN. CODE ANN. §22.021(a)(2)(A)(iv) (Vernon Supp. 2005).  Furthermore, the criminal episode begins when the assailant restricts, in any way, the victim's freedom of movement and ends with the final release or escape of the victim from the attacker's control.  *Burns v. State,* 728 S.W.2d 114, 116 (Tex. App.–Houston [14th Dist.] 1987, pet. ref'd).  Finally, the use or exhibition of the weapon at any time during that period elevates the crime to aggravated sexual assault.[1] *Id.*

Again, the evidence of record illustrates that appellant first restricted his victim's freedom while in the living room.  The restriction continued into the kitchen wherein he held the knife and through the bedroom wherein he forcibly committed the act of sodomy and required her to perform fellatio.  Moreover, throughout this entire period, appellant's actions

---

[1]Though the State alleged, in its indictment, that appellant "used *and* exhibited a deadly weapon [emphasis added]" during the criminal episode, the charge required the jury to determine whether appellant used "*or*" exhibited the instrument during that period. *See Garrett v. State*, 682 S.W.2d 301, 309 (Tex. Crim. App. 1984) (holding permissible such interchange between the conjunctive and disjunctive). So, the jury need only have found that the weapon was exhibited during the criminal episode to convict appellant of the accusations.

had sexual overtones. For instance, while in the living room he spread her legs and directed her to disrobe. In the kitchen, he fondled his victim's genitalia, and in the bedroom, he anally and orally assaulted her. Given this evidence, a rational jury could conclude beyond reasonable doubt that appellant exhibited the deadly weapon during the same criminal episode as the rape.

Having overruled the sole issue of appellant, we affirm the trial court's judgments.


Brian Quinn
Chief Justice


Do not publish.