Vernell **GLENN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41841.

Court of Criminal Appeals of Texas.

Jan. 29, 1969.

No atty. for petitioner.

Jim D. Vollers, State's Atty., Austin, for the State.

Mike Barclay, Dallas, for appellant.

Henry Wade, Dist. Atty., Douglas Mulder, John H. Stauffer, Camille Elliott, Malcolm Dade and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is robbery by assault; the punishment, 50 years' confinement in the Texas Department of Corrections.

Appellant does not challenge the sufficiency of the evidence to sustain the conviction and we do not deem it essential to recite the facts herein.

In his sole ground of error appellant urges that the trial court, at the penalty stage of the proceedings, erred in admitting into evidence a prior conviction as part of his criminal record. He contends such action was prejudicial to him.

After the jury's verdict of guilty was returned on April 10, 1967, the appellant requested the court to assess punishment. See Article 37.07, Vernon's Ann.C.C.P., 1965, in effect at the time of appellant's trial.

At the hearing on punishment there was a stipulation that appellant had been previously convicted of unlawfully carrying a pistol in 1964. Record evidence of such conviction was also offered. In addition, the State introduced the duly authenticated prison record of the appellant resulting from a conviction for burglary in Cause No. E–6634–IJ in Criminal District Court No. 3 of Dallas County, Texas, on September 15, 1964. Included in such exhibit was a certified copy of the judgment and sentence in said cause. No objection was made to this exhibit or the offer of the indictment in said cause.

Subsequently, however, the appellant did object when the State offered another exhibit consisting solely of the aforesaid judgment and sentence, thus duplicating in part the first exhibit. His objection was on the grounds that such exhibit was "vague and uncertain." He called the trial court's attention to a special finding in the said judgment that the defendant committed "said offense on the 2nd day of Spr., 1964."

The indictment in said Cause No. E–6634–IJ, presented June 29, 1964, alleged the offense of burglary to have occurred "on or about April 2, 1964." The judgment, in addition to the complained of special finding, reflects that the defendant, Vernell Glenn, entered a plea of guilty before the court and that the court found him guilty of "Burglary, as charged in the indictment." The sentence has a similar reflection.

We first observe that the date on which the offense occurred is not one of the requisites of a judgment. See Article 42.01, V.A.C.C.P., 1965, which was Article 766, V.A.C.C.P., at the time of the judgment in 1964.

Apparently in this connection the State urges that a special finding in the judgment as to the exact date of the charged offense is merely surplusage and does not render the judgment void. We agree so long as the date does not reflect that the trial of the offense was barred by limitation.

The State also points out that the error in dates, if any, in the special finding is only typographical, the letters "A" and "S" being adjacent on the keyboard of a typewriter, and the date in question having obviously been typed in the blank provided on the printed form of judgment.

We further note that even if the date in question could be interpreted as

meaning the "2nd day of Spring, 1964" such date would be anterior to the presentment of the indictment and within the period of limitation. Article 12.03, V.A.C.C.P. It is well established that the State is not bound by the date alleged in the indictment and may prove that the offense was committed before, on, or after the date alleged, if the date proved to be a date anterior to the presentment of the indictment and not so remote as to be barred by limitation. 1 Branch's Anno.P.C., 2nd Ed., Sec. 459, p. 457.

Under the circumstances presented, we fail to perceive error.

The judgment is affirmed.

DOUGLAS, J., not participating.