NO. 07-01-0207-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B





FEBRUARY 20, 2002



______________________________




TAVIA ANISSA HANCOCK, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;



NO. 93,587; HONORABLE PAMELA C. SIRMON, JUDGE



_______________________________



Before BOYD, C.J., and QUINN and JOHNSON, JJ.

 Appellant Tavia Anissa Hancock appeals from her conviction for theft. By four
issues she urges that the evidence was legally and factually insufficient to support her
conviction because the date on which the State proved the theft occurred was before the
date alleged in the information, and the date alleged in the information was after the date
the information was filed. We affirm.


 On January 23, 2001, appellant was shopping at a J.C. Penney store. She took
several articles of clothing which she had not purchased into a dressing booth. After she
left the booth without carrying any of the articles of clothing, store employees checked the
booth. No clothing was found. 

 On February 14, 2001, an information was filed charging appellant with theft. The
information alleged that the theft took place on or about February 23, 2001. Appellant did
not challenge either the date alleged in the information or any other aspect of the
information by pretrial motion. 

 The case was tried to a jury. The State presented its case to the jury as involving
the date of January 23, 2001. The proof was that the date of the theft was January 23,
2001. After the evidence was closed, appellant moved for a directed verdict based on the
discrepancy between the date alleged in the information and the State's proof. The motion
was denied. The jury charge included the date of January 23, 2001, as the date of the
theft charged. The jury found appellant guilty. 

 Appellant's first and third issues, respectively, challenge the legal and factual
sufficiency of the evidence to sustain her conviction because the State did not prove the
alleged theft occurred on or about February 23, 2001. Her second and fourth issues
challenge the legal sufficiency of the evidence to sustain a conviction where the date
alleged in the information was a date subsequent to the date the information was filed. 

 Appellant does not challenge the form or substance of the information itself. Nor
did she do so prior to trial. See Tex. Crim. Proc. Code Ann. art. 1.14.(b) (Vernon 2002). (1) 
She does not challenge the evidentiary basis of her conviction, except for the discrepancy
between the date alleged in the information and the proof at trial. 

 Appellant briefs and argues her four issues together because they address the
same basic complaint. We, accordingly, will address the four issues together. 

 The rules with respect to allegations in an indictment and the certainty required in
the indictment also apply to an information. CCP art. 21.23. And, the State is not bound
by the date alleged in an indictment, so long as the date proved as the actual date of the
crime is anterior to the date the indictment is filed and is not so remote that the crime is
barred by limitations. See Sledge v. State, 953 S.W.2d 253, 256 (Tex.Crim.App. 1997);
Glenn v. State, 436 S.W.2d 344, 346 (Tex.Crim.App. 1969). "On or about" language in an
indictment allows the State to prove a date for the crime other than the date alleged in the
indictment. See Sledge, 953 S.W.2d at 256. 

 In the matter before us, the affidavit underlying the information set out the date of
the offense as January 23, 2001. The information alleged that "On or about the 23rd day
of February, 2001, . . . ." The State's proof was that the theft occurred on January 23,
2001. The jury was charged as to the date of January 23, 2001. The jury found appellant
guilty based on such date. 

 The State was not required to prove the date of February 23, 2001, as the date on
which the theft occurred, even though that was the date alleged in the information. See
id. Thus, the issue of sufficiency of the evidence as to such date is immaterial to
appellant's conviction. The State's proof supported appellant's conviction for theft on
January 23, 2001, which was anterior to the date the information was filed. That is all that
is required. 

 Regardless of whether the date alleged in the information was after the filing of the
information or before the filing, the discrepancy between the date alleged in the information
and the State's proof at trial did not affect appellant's substantial rights. See Tex. R. App.
P. 44.2(b); Sledge, 953 S.W.2d at 256; Glenn, 436 S.W.2d at 346. Appellant's four issues
are overruled. The judgment of the trial court is affirmed. 


 Phil Johnson

 Justice



Do not publish.


 

 

 
1. Further references to the Code of Criminal Procedure will be as "CCP."



Used="false" Name="Light Shading Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00177-CV; 07-10-00178-CV; 07-10-00179-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
27, 2010

 



 

KENNETH GLENN WEBB, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 181ST DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 11,994-B, 18-617-B, 18-618-B; HONORABLE JOHN B. BOARD, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

OPINION ON ABATEMENT

            On
February 25, 2010, in each referenced cause, pursuant to section 501.014(e) of
the Texas Government Code, the trial court signed and entered an Order to Withdraw Inmate Funds.[1]  By the withdrawal notifications
entered in each cause, the trial court directed the
Texas Department of Criminal Justice, Institutional Division, to withhold from
Webbs inmate trust account the following amounts: (1) $3,071.25 in cause
number 11,994-B; (2) $1,101.50 in cause number 18,617-B; and (3) $1,096.50 in
cause number 18,618-B.  Webb filed pro se
notices of appeal on April 26, 2010, challenging the withdrawal
notifications.  While each withdrawal notification contained the statement that
"court costs, fines and fees have been incurred as represented in the
certified Bill of Cost/Judgment attached hereto," none contained an
attachment of any kind.  Furthermore,
while the judgment entered in cause number 11,994-B does include an order that
the State recover "all costs," the judgments in cause numbers
18,617-B and 18,618-B are silent as to the assessment of costs.  

In
Harrell v. State, 286 S.W.3d 315 (Tex. 2008), the Texas Supreme Court
held that a withdrawal notification directing prison officials to withdraw
money from an inmate trust account pursuant to section 501.014(e) is a civil
matter akin to a garnishment action or an action to obtain a turnover
order.  Id. at 317-19; see also
Johnson v. Tenth
Judicial District Court of Appeals at Waco, 280 S.W.3d 866, 869 (Tex.Crim.App.
2008) (holding that orders directing withdrawal of funds from inmate trust
accounts are not a criminal matter).  In determining whether Harrell was accorded
constitutional due process in that proceeding, the Court balanced three factors
discussed in Mathews v. Eldridge, 424
U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and noted that Harrell had "already
received some measure of due process." 
Harrell, 286 S.W.3d at 320.

            The
three Eldridge factors
considered in Harrell are: (1) the private interest affected by the
official action, (2) the risk of an erroneous deprivation of such interests
through the procedures used, and the probable value, if any, of additional or
substitute procedural safeguards, and (3) the government's interest, including
the function involved and the fiscal and administrative burdens that additional
or substitute procedural requirements would entail.  Id. at 319-20 (citing Mathews,
424 U.S. at 335).  The Court found the
private interest to be affected to be easily ascertainable by reference to the
amount identified in a prior court document, which could be stated with
exactness as "the costs assessed when the convicting court sentenced
him."  Id. at 320.  Regarding the risk of
erroneous deprivation, the Court identified the risk as modest where withdrawal
notifications under the statute are based on an amount identified in a previous
court document.  See Tex. Gov't Code Ann.
§ 501.014(e)(1)-(6) (Vernon Supp. 2009).  The Court noted that "Harrell was . . .
notified of the costs assessed when the convicting court sentenced him"
and he was free to contest them at the time they were assessed.  Harrell, 286 S.W.3d
at 320.  However, the Court went
on to recognize there could be a greater risk of erroneous deprivation in
instances in which the amount in the withdrawal notification varied from the
amount in the underlying judgment or those instances where there were clerical
or other errors.  Id.  In
assessing the final factor, the government's interest, the Court addressed the
fiscal and administrative burdens of added or alternative procedures and
concluded that the Texas Department of Criminal Justice would face expending
more money than it would collect if it were required to conform to
"full-blown" statutory garnishment requirements.  Id.  In the Court's opinion, such a drawn-out
procedure might subvert the Legislature's goal of efficient
cost-collection.  Id.

Harrell had
been convicted of drug charges in 1997 and 2003.  In 2006, the convicting trial court signed an
order authorizing the Texas Department of Criminal Justice, Institutional
Division, to withdraw funds from his inmate trust account to pay for court
costs and fees for appointed counsel. 
Harrell was provided with copies of the withdrawal notifications.  He then moved to rescind the withdrawal
notifications alleging denial of due process. 
His motion was denied, and his direct appeal to this Court was dismissed
for want of jurisdiction on the ground that no statutory mechanism was
available for appealing a withdrawal notification.  See
Harrell v. State, Nos. 07-06-0469-CR, 07-06-0470-CR, 2007 Tex.App. LEXIS 6416, at *3 (Tex.App.--Amarillo
Aug. 13, 2007), rev'd,
286 S.W.3d 315 (Tex. 2008). 

            In reversing this Court and
rendering judgment affirming the trial court's Order Denying Harrell's Motion
to Rescind, the Supreme Court held that due process entitles an inmate to
receive notice[2]
and an opportunity to be heard, even though those requirements might be
accorded the inmate after funds are withdrawn. 
Harrell, 286 S.W.3d at 321.  It concluded that because Harrell had
received notice (a copy of the withdrawal notification) and an opportunity to be heard[3] (the motion to rescind), he had received all that due process
required.  Id.  The Court added, "[t]he Constitution
does not require pre-withdrawal notice or a comprehensive civil garnishment
proceeding."  Id.

             On the limited record before this Court, we
are unable to determine if Webb has been given all that due process
requires.  Specifically, we are unable to
determine whether Webb has been (1) provided the necessary underlying
documentation, and (2) afforded an adequate opportunity "to compare the
amounts assessed by the trial court [in the underlying criminal proceedings] to
the amount[s] withdrawn and alert the court of any alleged errors."  See id.  In that respect, we note
that the "risk of
an erroneous deprivation of [Webb's] interests through the procedures
used" in this particular case is apparent on the face of the documents
contained in the Clerk's Record.[4]  See id. at 320.

            If an appellate court is uncertain
about the intent of an order to finally dispose of all claims, it can abate the
appeal to permit clarification by the trial court.  See
Tex. R. App. P. 27.2.  Because the trial court has not entered an
appealable order either granting or denying a motion to confirm, modify,
correct, or rescind the prior withdrawal notification, we find Webb's notices
of appeal to be premature.  See
Williams v. State, Nos. 07-10-0091-CV, 07-10-0100-CV, 07-10-0101,
2010 Tex.App. LEXIS, 2998, at *8-9,
(Tex.App.--Amarillo April 22, 2010, no pet. h.).  

            Accordingly, this Court sua sponte abates
this appeal for 180 days from the date of this order to allow Webb time to take
such action as is necessary to (1) obtain the necessary documentation of the
underlying court order; (2) compare the underlying court order to the
withdrawal notification; (3) file an appropriate motion to modify, correct, or
rescind the withdrawal notification; (4) present that motion to the trial
court; (5) schedule any necessary hearing; and (6) obtain from the trial court
a final appealable order addressing that motion.  See
Tex. R. App. P. 27.2; see
also Iacono
v. Lyons, 6 S.W.3d 715 (Tex.App.--Houston [1st Dist.] 1999, no pet.) (finding appeal prematurely filed and abating and remanding
to permit the jurisdictional defect to be cured).  All appellate timetables will begin to run
from the date a final, appealable order is signed.

            It is so ordered.

                                                                                    Per
Curiam

            








 











[1]This document is not an "order" in the
traditional sense of a court order, judgment, or decree issued after notice and
hearing in either a civil or criminal proceeding.  The controlling statute, Tex. Gov't Code Ann. § 501.014(e)
(Vernon Supp. 2009), describes the process as a "notification by a
court" directing prison officials to withdraw sums from an inmate's trust
account, in accordance with a schedule of priorities set by the statute, for
the payment of "any amount the inmate is ordered to pay by order of the
court."  See id. at § 501.014(e)(1)-(6); see also Harrell v. State,
286 S.W.3d 315, 316, n.1 (Tex. 2009). 
This document is more akin to a judgment nisi.  A judgment nisi, commonly used in bond
forfeiture proceedings, is a provisional judgment entered when an accused fails
to appear for trial.  A judgment nisi
triggers the issuance of a capias and it serves as notice of the institution of a bond
forfeiture proceeding.  It is not final
or absolute, but may become final.  See
Safety Nat'l Cas. Corp. v. State, 273 S.W.3d 157, 163 (Tex.Crim.App. 2008).  Nisi means "unless," so a judgment
nisi is valid unless a party takes action causing it to be withdrawn.  Id.  Similarly, a withdrawal notification
issued pursuant to section 501.014(e), triggers a trust fund withdrawal, serves
as notice of the collection proceeding, and continues to operate unless the
inmate takes action causing the notification to be withdrawn.  Therefore, rather than refer to that document
as an order, we prefer to use the term "withdrawal notification" to
avoid confusion with an underlying court order or judgment ordering the payment
of a sum falling within at least one of the six priority categories listed in
the statute.





[2] In assessing the risk of erroneous deprivation of
property, the Supreme Court, in Harrell, considered the risk to be "modest" because notice under
the statute is "based on an amount identified in a prior court
document."  Harrell, 286 S.W.3d at 320 (emphasis
added).  The Court went on to comment
that the risk would be minimized if the trial court included a copy of the
underlying order or judgment that assessed costs when it issues a withdrawal
notification.  We wholeheartedly adopt
the Supreme Court's recommendation in this regard.  

We further note that the mere assessment of attorney
fees does not make them collectable through this process.  Under article 26.05(g) of the Texas Code of
Criminal Procedure, the trial court has authority to order reimbursement of
appointed attorney fees only if the court makes a fact-specific determination
that a defendant has financial resources that enable him to offset, in part or
in whole, the costs of the legal services provided.  See Tex.
Code Crim. Proc. Ann. art.
26.05(g) (Vernon Supp. 2009); see also Mayer v. State, No. PD-0069-09,
2010 Tex.Crim.App. LEXIS 100, at *11  (Tex.Crim.App. March 24, 2010).





[3] While the court of appeals's opinion is silent on whether a hearing was held
on Harrell's motion to rescind, Harrell, 2007 Tex.App. LEXIS 6416, at *3,
the trial court did enter a specific order denying his motion to rescind the
withdrawal notification.  We read the
Supreme Court's opinion as assuming that, by this process, Harrell was given
"an opportunity to be heard."  Harrell, 286 S.W.3d at 321.





[4] In cause number 11,994-B the withdrawal order
commands the Texas Department of Criminal Justice to withdraw $3,071.25, but
the Bill of Costs shows the amount due as being $2,908.59.  The Bill of Costs also includes $350.00 for
attorney's fees.  In cause number
18,617-B the withdrawal order was for the sum of $1,101.50, whereas the Bill of
Costs reflected an amount due of
$938.84, including $800.00 in attorney's fees. 
Finally, in cause number 18,618-B, the withdrawal order was for the sum
of $1,096.50, whereas the Bill of Costs reflected
an amount due of $1,072.63, including $800.00 in attorney's fees.