NO. 07-04-0425-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 10, 2005


______________________________



ROBERT LEE OCANAS, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 47,903-B; HON. JOHN B. BOARD, PRESIDING


_______________________________



ON ABATEMENT AND REMAND


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Appellant Robert Lee Ocanas appeals his conviction for conspiracy to commit
murder. On February 7, 2005, and in response to a letter sent to the district judge and the
trial court clerk, the clerk filed a request for an extension of time to file the clerk's record
because she had "not received [from the trial court] the certification of defendant's right of
appeal as of 2/4/05." 

 Applicable rule of procedure mandates that the trial court's certification of the
defendant's right of appeal be included in the record, which certification may be added by
amendment, supplement, or order of this court. Tex. R. App. P. 25.2(d).

 We, therefore, abate this appeal and remand the cause to the trial court and direct
it to certify, through written order, whether appellant has the right of appeal. Furthermore,
the trial court shall cause the written order manifesting its decision to be included in a
supplemental clerk's record. If any hearing is held on the matter, it shall be transcribed,
which transcription the trial court shall cause to be included in a supplemental reporter's
record. So too is the trial court directed to cause both the supplemental clerk's and
reporter's records to be filed with the Clerk of this Court on or before March 11, 2005. 
Should the trial court require more time to comply with the directions of this Court, it must
request an extension prior to March 11, 2005. 

 Accordingly, the appeal is abated and the cause is remanded for further
proceedings.


 Per Curiam


Do not publish.



ficiency of the evidence to sustain a conviction where the date
alleged in the information was a date subsequent to the date the information was filed. 

 Appellant does not challenge the form or substance of the information itself. Nor
did she do so prior to trial. See Tex. Crim. Proc. Code Ann. art. 1.14.(b) (Vernon 2002). (1) 
She does not challenge the evidentiary basis of her conviction, except for the discrepancy
between the date alleged in the information and the proof at trial. 

 Appellant briefs and argues her four issues together because they address the
same basic complaint. We, accordingly, will address the four issues together. 

 The rules with respect to allegations in an indictment and the certainty required in
the indictment also apply to an information. CCP art. 21.23. And, the State is not bound
by the date alleged in an indictment, so long as the date proved as the actual date of the
crime is anterior to the date the indictment is filed and is not so remote that the crime is
barred by limitations. See Sledge v. State, 953 S.W.2d 253, 256 (Tex.Crim.App. 1997);
Glenn v. State, 436 S.W.2d 344, 346 (Tex.Crim.App. 1969). "On or about" language in an
indictment allows the State to prove a date for the crime other than the date alleged in the
indictment. See Sledge, 953 S.W.2d at 256. 

 In the matter before us, the affidavit underlying the information set out the date of
the offense as January 23, 2001. The information alleged that "On or about the 23rd day
of February, 2001, . . . ." The State's proof was that the theft occurred on January 23,
2001. The jury was charged as to the date of January 23, 2001. The jury found appellant
guilty based on such date. 

 The State was not required to prove the date of February 23, 2001, as the date on
which the theft occurred, even though that was the date alleged in the information. See
id. Thus, the issue of sufficiency of the evidence as to such date is immaterial to
appellant's conviction. The State's proof supported appellant's conviction for theft on
January 23, 2001, which was anterior to the date the information was filed. That is all that
is required. 

 Regardless of whether the date alleged in the information was after the filing of the
information or before the filing, the discrepancy between the date alleged in the information
and the State's proof at trial did not affect appellant's substantial rights. See Tex. R. App.
P. 44.2(b); Sledge, 953 S.W.2d at 256; Glenn, 436 S.W.2d at 346. Appellant's four issues
are overruled. The judgment of the trial court is affirmed. 


 Phil Johnson

 Justice



Do not publish.


 

 

 
1. Further references to the Code of Criminal Procedure will be as "CCP."