**Danny Evert YATES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–12–00003–CR.**

Court of Appeals of Texas, Texarkana.

Decided: July 3, 2012.

Submitted: July 18, 2012.

Troy A. Hornsby, Miller, James, Miller & Hornsby, LLP, Texarkana, for Appellant.

Lauren Sutton, Asst. Dist. Atty., Texarkana, appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice CARTER.

Danny Evert Yates stopped his truck in front of the victim's home in New Boston, Bowie County, Texas, where he forced the victim into the truck at gunpoint.[1] Yates then drove several miles away to a dirt road near the Highway 8 bridge over the Red River. There, Yates sexually assaulted the victim four times. Yates then drove the victim back to her neighborhood in New Boston and released her near her home.

In Bowie County, Texas, Yates was indicted on four counts of aggravated sexual assault while using or exhibiting a deadly weapon, to-wit: a gun[2] and one count of aggravated kidnapping with a deadly weapon.[3] The jury found him guilty as charged in the indictment. Yates was sentenced to imprisonment for life for each of the five offenses, with the sentences to be served concurrently. Here, Yates appeals his convictions for aggravated sexual assault.[4] We affirm the judgment of the trial court.

Yates argues that: (1) this Court should take judicial notice that the situs of the offense is outside the territorial jurisdiction of the State of Texas; and (2) there is insufficient evidence that the four aggravated sexual assaults occurred in Texas.

We affirm the trial court's judgment because an element of the offense occurred in Texas.

## Jurisdiction in Texas

It is undisputed that the sexual assaults occurred on a dirt road underneath the Highway 8 bridge over the Red River. Yates contends that the road is in Arkansas. In his first point of error, Yates argues that this Court should take judicial

1. The victim alleged that Yates forced her into the truck by displaying a gun, whereas Yates alleged that she voluntarily got into the truck, then he pulled a gun on her.

2. Trial court cause number 11F0754–102.

3. Trial court cause number 11F0755–102.

4. We address Yates' appeal from his aggravated kidnapping convictions in our opinion in cause number 06–12–00004–CR, released contemporaneously herewith.

notice that the situs of the offense "is outside the territorial jurisdiction of the State of Texas," and in his second point of error, Yates contends that there is insufficient evidence that the situs of the offense was in Texas.

■■■ An offense may be prosecuted in Texas only if Texas has territorial jurisdiction over the offense. *See* TEX. PENAL CODE ANN. § 1.04(a) (West Supp.2011); *Torres v. State,* 141 S.W.3d 645, 654 (Tex. App.-El Paso 2004, pet. ref'd). This state has jurisdiction over an offense if "either the conduct or a result that is an element of the offense occurs inside this state." TEX. PENAL CODE ANN. § 1.04(a)(1). The Texas Court of Criminal Appeals has held that this applies to both conduct and result. *Rodriguez v. State,* 146 S.W.3d 674, 675–76 (Tex.Crim.App.2004).

A person commits the offense of aggravated sexual assault if the person:

(A) intentionally or knowingly:

(i) causes the penetration of the anus or sexual organ of another person by any means, without that person's consent;

(ii) causes the penetration of the mouth of another person by the sexual organ of the actor, without that person's consent; or

(iii) causes the sexual organ of another person, without that person's consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor; or

. . . .

(iv) uses or exhibits a deadly weapon in the course of the same criminal episode;

TEX. PENAL CODE ANN. § 22.021 (West Supp.2011).

In order to prove aggravated sexual assault, the indictment must contain one of the additional allegations required by Section 22.021(a)(1)(A). One manner of proving the additional element needed to establish that an aggravated sexual assault occurred is evidence that the accused used or exhibited a deadly weapon in the course of the same criminal episode. In this case, the indictment contained such an allegation and there was evidence presented that Yates used and exhibited a deadly weapon. In this case, proof that Yates used or exhibited a deadly weapon in the course of the same criminal episode was a necessary element of the offense of aggravated sexual assault. The only remaining question is whether such use was "in the course of the same criminal episode."

■■■ For purposes of aggravated sexual assault, a "criminal episode" begins when the attacker in any way restricts the victim's freedom of movement and it ends with the final release or escape of the victim from the attacker's control. *Burns v. State,* 728 S.W.2d 114, 116 (Tex.App.-Houston [14th Dist.] 1987, pet. ref'd). Testimony by a complainant that the attacker possessed a gun and threatened to use it if she failed to comply with his demands, even if he did not exhibit the gun during the actual sexual assault itself, is sufficient to show a deadly weapon was used or exhibited in the course of the criminal episode.[5] *See Gaudette v. State,* 713 S.W.2d 206, 209 (Tex.App.-Tyler 1986, pet. ref'd).

Here, the victim testified that she was sitting in her front yard, by the mailbox of her New Boston home, waiting on a friend to come home from work when Yates drove up. She testified that Yates pointed a gun at her chest and forced her into his truck. In his video recorded statement,

5. We note there is evidence that Yates used or    exhibited a gun during the sexual assaults.

Yates said that she got into the truck willingly, but he also admitted that as they drove away from her house, he pulled a gun on her. He said he pulled the gun when they were "right around the corner from her house."

In this case, the criminal episode began when Yates pulled the gun on the victim and held her in the truck under threat of death. The episode did not end until Yates released the victim near her house. It is undisputed that Yates exhibited the gun to the victim at, or around the corner from, her New Boston, Texas, home. Therefore, there is conclusive evidence that an element of the offense—the use or exhibition of a deadly weapon—occurred in Texas; this state has jurisdiction over these offenses. We overrule this point of error and affirm the trial court's judgment. Due to our holding, we need not address Yates' second point of error.

We affirm the judgment of the trial court.