

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00399-CR

---

STEPHAN ANDREW COX                                                    APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

FROM THE 396th DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1325641D

----------

## CONCURRING OPINION

----------

I do not disagree with the thorough and conscientious majority. I write separately only to say that because the complainant was a child, there is really very little to talk about.

**Jurisdiction and Criminal Episode**

An offense may be prosecuted in Texas only if Texas has territorial

jurisdiction over the offense.[1]  This state has jurisdiction over an offense if "either the conduct or a result that is an element of the offense occurs inside this state."[2] The Texas Court of Criminal Appeals has held that this statute applies to both conduct and result.[3]

State courts of Texas have jurisdiction over the prosecution for aggravated sexual assault where the criminal episode forming the basis of charges began within this state.[4]  The criminal episode began when Appellant began the kidnapping with intent to commit sexual assault.  Section 3.01 of the Penal Code provides,

> In this chapter, "criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:
>
> (1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or
>
> (2) the offenses are the repeated commission of the same or similar offenses.[5]

---

[1]*See* Tex. Penal Code Ann. § 1.04(a) (West 2011); *Torres v. State*, 141 S.W.3d 645, 654 (Tex. App.—El Paso 2004, pet. ref'd).

[2]Tex. Penal Code Ann. § 1.04(a)(1).

[3]*Rodriguez v. State*, 146 S.W.3d 674, 675–76 (Tex. Crim. App. 2004).

[4]*Yates v. State*, 370 S.W.3d 772, 774–75 (Tex. App.—Texarkana 2012, pet. ref'd).

[5]Tex. Penal Code Ann. § 3.01 (West 2011); *see Diaz v. State*, 125 S.W.3d 739, 742 (Tex. App.—Houston [1st Dist.] 2003, pets. ref'd).

We learn from the record that the first sexual assault of which the jury convicted Appellant occurred on the bus during the trip to Mexico. To prove kidnapping with intent to commit sexual assault, it was not necessary that the State prove any actual sexual assault, so long as there was evidence of the intent to commit sexual assault.[6] The criminal episode under the circumstances of this case included the sexual assaults and ended only with the final release or escape of the complainant from Appellant's control.[7] The criminal episode began in Texas and concluded in Mexico.[8]

**Aggravated Kidnapping**

The trial court charged the jury that

> "Restrain" means to restrict a person's movements without consent, so as to interfere substantially with his liberty, by moving him from one place to another or by confining him.
>
> Restraint is "without consent" if the victim is a child who is 14 years of age or older and younger than 17 years of age, the victim is taken outside of the state and outside a 120 mile radius from the victim's residence, and the parent, guardian, or person or institution acting in loco parentis has not acquiesced in the movement.

The record shows that Appellant moved the complainant, a fourteen-year-old child, from her middle school to Mexico, a location more than 120 miles from her radius and outside the state of Texas, without her parents' consent or

---

[6]*See* Tex. Penal Code Ann. § 20.04(a)(4) (West 2011).

[7]*See Burns v. State*, 728 S.W.2d 114, 116 (Tex. App.—Houston [14th Dist.] 1987, pet. ref'd).

[8]*Id.*; *see* Tex. Penal Code Ann. § 3.01.

3

acquiescence and without their knowledge, taking steps to prevent the parents from finding Appellant and the complainant. Nothing more is required to prove kidnapping under the facts of this case.[9] Consent is no defense.[10]

Because the complainant was fourteen years old and Appellant was more than seventeen years old, her mental state and conduct were not relevant.[11] Thus, because she was fourteen years of age when Appellant took her to Mexico without her parents' consent for the purpose of sexually abusing her or sexually assaulting her, he committed aggravated kidnapping.[12] The evidence was sufficient to support Appellant's convictions.

**Conclusion**

Based on the statutes as the legislature has drafted them, these are the only relevant issues.

---

[9]*See* Tex. Penal Code Ann. § 20.03(a) (West 2011), § 20.04(a)(4).

[10]*See id.* § 20.01(1)(B)(ii).

[11]*Smallwood v. State*, 471 S.W.3d 601, 607 (Tex. App.—Fort Worth 2016, pet. ref'd) (op. on reh'g) (citing *In re B.W.*, 313 S.W.3d 818, 823–24 (Tex. 2010)); *see Fleming v. State*, 455 S.W.3d 577, 581–82 (Tex. Crim. App. 2014) ("[S]exual intercourse is not a crime except in certain circumstances, such as . . . when the other person is deemed unable to consent due to his or her age." Further, "[t]he statutory prohibition of an adult having sex with a person who is under the age of consent serves to protect young people from being coerced by the power of an older, more mature person." Finally, "[w]hen it comes to protecting those who are unable, due to their tender age, to consent to sexual activity, the legislature simply does not allow any variance."), *cert. denied*, 135 S. Ct. 1159 (2015).

[12]*See* Tex. Penal Code Ann. § 20.04(a)(4).

4

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED:  May 12, 2016