**Affirm and Opinion Filed December 16, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01501-CR
### No. 05-19-01502-CR
### No. 05-19-01503-CR

**JABRICE DAVAN ORTEGA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-80783-2018**

## MEMORANDUM OPINION
Before Justices Molberg, Nowell, and Goldstein
Opinion by Justice Nowell

A jury convicted Jabrice Davan Ortega of three counts of aggravated sexual

assault of a child. In three issues, appellant argues the evidence is insufficient to

support each charged offense and the trial court erred by allowing the State to

abandon language from Counts I and II in the jury charge.[1] In a single cross-issue,

the State requests we modify the judgment on Count III to reflect the jury

---

[1] In his brief, appellant also argued his trial counsel was ineffective. However, during oral argument, his counsel abandoned this issue. Therefore, we do not address it.

affirmatively found appellant used or exhibited a deadly weapon in the commission of the assault. We modify the trial court's judgment on Count III and affirm as modified (appellate cause number 05-19-01503-CR). We affirm the trial court's judgments on Counts I and II (appellate cause numbers 05-19-01501-CR and 05-19-01502-CR).

FACTUAL BACKGROUND

T.D., the complainant, testified she met appellant when she was fourteen years old, and appellant knew her age. Appellant told her he was eighteen years old. T.D. thought appellant was "real cool."

On January 11, a few months after they met, appellant contacted T.D. through Snapchat because he wanted to take her to the McKinney Inn to "[b]eat my guts up," which meant to have sex. T.D. told appellant "no," but acquiesced after appellant threatened "to shoot at my house."

After arriving at the McKinney Inn, appellant taught T.D. how to smoke marijuana rolled inside of a cigar; appellant provided the marijuana and cigar. Smoking gave T.D. a headache, so appellant gave two pills to her, one was white and the other was yellow. She testified: "It was supposed to be Tylenol, but it wasn't Tylenol." After taking the pills, T.D.'s body began feeling numb and she felt the drugs were affecting her decision-making abilities. She testified: "I couldn't control myself." T.D. explained how appellant removed her clothing, put his tongue "in my

–2–

private area," penetrated her digitally, and penetrated her vagina with his penis. Afterward, they fell asleep.

When she awakened, T.D. called a friend to take her to school and the friend informed her that T.D.'s mother had contacted the police because T.D. was missing. When T.D. told appellant that her mom had called the police, appellant quickly got dressed. But before leaving the hotel room, "he pointed a gun to my face like this (indicating), and told me that if I said anything that he was going to kill me." She was scared because she thought appellant was going to kill her immediately. She described the gun as a black handgun.

A few weeks later, on February 14, T.D. was at Whataburger with a friend when she saw appellant. T.D. "took off running" because she feared appellant "was going to do something sexual." When T.D. stopped running, appellant caught up to her and asked if T.D. and her friend needed a ride. They got in the car with appellant, and T.D. testified she got into the car because she was scared and appellant frightened her. While in the car, T.D. saw the "same handgun that he threatened me at the hotel with." While appellant was not holding the gun, it was within his reach.

Appellant dropped off T.D.'s friend and then drove T.D. to an apartment parking lot. Appellant again provided marijuana to T.D., which they smoked. T.D. described how appellant told her to remove her pants before penetrating her vagina digitally and with his penis. After they both put their clothes on, appellant took T.D. home.

## A. Sufficiency of the Evidence: Count III

In his first issue, appellant argues the evidence is insufficient to support his conviction for aggravated sexual assault of a child as alleged in Count III of the indictment because the State failed to prove he used and exhibited a deadly weapon, namely a handgun, in the course of the February 14 criminal episode. As applicable here, a person commits the offense of aggravated sexual assault of a child if he intentionally or knowingly causes the penetration of the sexual organ of a child by any means and uses or exhibits a deadly weapon in the course of the same criminal episode. *See* TEX. PENAL CODE ANN. §22.021(a)(1)(B)(i), (a)(2)(A)(iv). "For purposes of aggravated sexual assault, a 'criminal episode' begins when the attacker in any way restricts the victim's freedom of movement and it ends with the final release or escape of the victim from the attacker's control." *Brickley v. State*, 623 S.W.3d 68, 75 (Tex. App.—Austin 2021, pet. ref'd) (quoting *Yates v. State*, 370 S.W.3d 772, 774 (Tex. App.—Texarkana 2012, pet. ref'd)). "[T]he use or exhibition of a weapon at any time during this period will elevate the crime to" aggravated sexual assault. *Id.* (quoting *Burns v. State*, 728 S.W.2d 114, 116 (Tex. App.—Houston [14th Dist.] 1987, pet. ref'd)). Accordingly, the evidence need not establish that the defendant used or exhibited the deadly weapon "during the actual sexual assault itself." *Id.* (quoting *Yates*, 370 S.W.3d at 774).

To evaluate the sufficiency of the evidence, we consider the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Acosta v. State*, 429 S.W.3d 621, 624–25 (Tex. Crim. App. 2014); *see also Jackson v. Virginia*, 443 U.S. 307 (1979); *Turner v. State*, 626 S.W.3d 88, 92 (Tex. App.—Dallas 2021, no pet.). "This standard tasks the factfinder with resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from basic facts." *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015).

The February 14 criminal episode included T.D. being in appellant's car, T.D. seeing the handgun, and appellant sexually assaulting her. T.D. testified she was scared and seeing the gun made "my heart start racing." She believed the handgun was the same gun appellant held to her head when he threatened to kill her after he sexually assaulted her a few weeks earlier. Although appellant did not handle the gun during the February 14 criminal episode, the gun was accessible to him, and he displayed it in the car while T.D. was in the car.

Considering the evidence in the light most favorable to the verdict, we conclude the evidence is legally sufficient to show appellant exhibited the handgun, a deadly weapon, in the course of the February 14 criminal episode. A rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. We overrule appellant's first issue.

## B.    Jury Charge

In his second issue, appellant argues the trial court erred by permitting the State to abandon language from the indictment. In Counts I and II, the State alleged appellant "administered and provided to the complainant a substance that was capable of impairing the complainant's ability to appraise the nature of the act and to resist the act, namely marijuana and pills described by the defendant as XO."

At trial, appellant's counsel moved for an instructed verdict of not guilty because the State failed to prove the portion of the indictment that states: "described by the defendant as XO." In response, the State argued that while "marijuana and pills described by the defendant as XO" was pleaded in the conjunctive, the phrase could be submitted to the jury in the disjunctive. In the alternative, the State would abandon the language "described by the defendant as XO." The trial court denied the motion, but omitted the language "described by the defendant as XO" from the jury charge. The jury charge defined aggravated sexual assault of a child in relevant part: "the defendant administered and provided to the complainant a substance that was capable of impairing the complainant's ability to appraise the nature of the act and resist the act, namely marijuana or pills." Appellant argues the language "described by the defendant as XO" was an integral part of an element of the offense and the trial court erred by permitting the State to abandon that language.

The State may dismiss, waive, or abandon a portion of the charging instrument with the consent of the trial court. *Do v. State*, PD-0556-20, 2021 WL 4448956, at

–6–

*7 (Tex. Crim. App. Sept. 29, 2021). An abandonment removes one of the following from the charging instrument: (1) one or more alternative means of committing an offense; (2) an allegation, such that the charged offense is thereby reduced to a lesser included offense; or (3) "surplusage." *Fury v. State*, 607 S.W.3d 866, 873 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd) (citing *Eastep v. State*, 941 S.W.2d 130, 134 (Tex. Crim. App. 1997), *overruled on other grounds by Gollihar v. State*, 46 S.W.3d 243, 256 (Tex. Crim. App. 2001) and *Riney v. State*, 28 S.W.3d 561, 565 (Tex. Crim. App. 2000)). "Surplusage is unnecessary language not legally essential to constitute the offense alleged in the charging instrument." *Id.*

In this case, the language "described by the Defendant as XO" was not legally essential to constitute the offense alleged in the charging instrument; the language was surplusage. *See Eastep*, 941 S.W.2d at 134. The legally essential element was that appellant, acting with the intent to facilitate the commission of the offense, "administer[ed] or provide[ed] to the victim of the offense any substance capable of impairing the victim's ability to appraise the nature of the act or to resist the act." *See* TEX. PENAL CODE §22.021(a)(2)(A)(vi). The identity of the substance was not an essential element of the offense.

At trial, the State abandoned the phrase "described by the defendant as XO," and the trial court permitted the abandonment. Thus, in this case, after abandoning the surplusage, the State charged appellant, as required by the penal code, with administering or providing T.D. with a substance that was capable of impairing the

–7–

complainant's ability to appraise the nature of the act and to resist the act, namely marijuana or pills. The State, then, could meet its burden by proving appellant gave marijuana or pills to T.D. We overrule appellant's second issue.

## C. Sufficiency of the Evidence: Counts I and II

In his third issue, appellant argues the evidence is insufficient to support his convictions for aggravated sexual assault as alleged in Counts I and II because the State failed to prove he administered or provided a substance to TD that was capable of impairing her ability to appraise the nature of or resist the sexual act. Specifically, appellant argues marijuana by itself is not a substance capable of impairing the victim's ability to appraise the nature of the act or to resist the act and support a finding of guilt for aggravated sexual assault.

In Counts I and II, the State charged appellant with aggravated sexual assault of a child pursuant to Texas Penal Code §22.021(a)(1)(B). Consistent with penal code section 22.021(a)(2)(A)(vi), the jury charge defined aggravated sexual assault of a child in relevant part: "the defendant administered and provided to the complainant a substance that was capable of impairing the complainant's ability to appraise the nature of the act and resist the act, namely marijuana or pills." *See* TEX. PENAL CODE §22.021(a)(2)(A)(vi).

When, as here, an indictment alleges "differing methods of committing the offense in the conjunctive, it is proper for the jury to be charged in the disjunctive." *Brickley*, 623 S.W.3d at 75 (quoting *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex.

Crim. App. 1991)); *see also Jordan v. State*, No. 05-18-01118-CR, 2020 WL 415934, at \*2 (Tex. App.—Dallas Jan. 27, 2020, pet. ref'd) (mem. op., not designated for publication) (noting that "[i]t has long been held that, when the State alleges differing methods of committing an offense in the conjunctive, it is proper for the jury to be charged in the disjunctive"). Further, "[i]t is appropriate where the alternate theories of committing the same offense are submitted to the jury in the disjunctive for the jury to return a general verdict if the evidence is sufficient to support a finding under any of the theories submitted." *Kitchens*, 823 S.W.2d at 258. In this case, then, the State could prove the offenses against appellant by showing he gave a substance to T.D., either marijuana or pills, that was capable of impairing her ability to appraise the nature of the act and resist the act.

T.D. testified appellant taught her to smoke marijuana inside a cigar at the hotel on January 11 before giving two pills to her. After taking the pills, T.D.'s body began feeling numb and she felt that the drugs were effecting her decision-making abilities. She testified: "I couldn't control myself."

Applying the standard of review for legal sufficiency, we conclude the testimony shows, at minimum, that appellant provided T.D. with pills that were capable of impairing her judgment. Thus, we need not determine whether, based on this record, the State proved marijuana is a substance capable of impairing T.D.'s judgment. We overrule appellant's third issue.

### D. Modification to the Judgment

In a single cross-issue, the State requests we modify the judgment for Count III to show the jury found appellant used a deadly weapon, a handgun. We have the power to modify the trial court's judgment when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Because the requested modification is proper, we modify the judgment as requested to show the jury found appellant used or exhibited a deadly weapon during the commission of the offense. *See Tarver v. State*, No. 05-18-00589-CR, 2019 WL 1785342, at *2 (Tex. App.—Dallas Apr. 24, 2019, no pet.) (mem. op., not designated for publication).

### CONCLUSION

We modify the trial court's judgment on Count III and affirm as modified (appellate cause number 05-19-01503-CR). We affirm the trial court's judgments on Counts I and II (appellate cause numbers 05-19-01501-CR and 05-19-01502-CR).

191501f.u05
191502f.u05                                        /Erin A. Nowell/
191503f.u05                                        ERIN A. NOWELL
191504f.u05                                        JUSTICE
Do Not Publish

–10–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JABRICE DAVAN ORTEGA,
Appellant

No. 05-19-01501-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 401-80783-
2018 CT. I.
Opinion delivered by Justice Nowell.
Justices Molberg and Goldstein
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 16th day of December, 2021.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JABRICE DAVAN ORTEGA,
Appellant

No. 05-19-01502-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 401-80783-
2018 CT. II.
Opinion delivered by Justice Nowell.
Justices Molberg and Goldstein
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 16th day of December, 2021.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JABRICE DAVAN ORTEGA,
Appellant

No. 05-19-01503-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 401-80783-
2018 CT. III.
Opinion delivered by Justice Nowell.
Justices Molberg and Goldstein
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:
Under the heading "Findings on Deadly Weapon," we **DELETE** the letters "N/A" and **ADD** the words "Yes, A Firearm."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 16th day of December, 2021.